Noel Honea, alias A. L. Watson, v. The State.

No. 4045. Decided May 19, 1909.

**Theft of a Horse—Ownership—Variance—Possession.**

Where upon trial for theft of a horse the indictment alleged ownership and possession in the real owner, and the proof showed that the horse was taken from another person who was in actual control, care and management of the alleged property, but who was not alleged to have been in possession thereof, the variance was fatal.

Appeal from the District Court of Childress. Tried below before the Hon. S. P. Huff.

Appeal from a conviction of theft of a horse; penalty two years confinement in the penitentiary.

The opinion states the case.

*Odell & Johnson* and *L. W. Dalton,* for appellant.—Cited cases in the opinion; also Bonner v. State, 29 Texas Crim. App., 223; Dobbs v. State, 51 Texas Crim. Rep., 113, 19 Texas Ct. Rep., 64; Hazlett v. State, 16 Texas Ct. Rep., 603; Irvine v. State, 20 Texas Crim. App., 12; Wyers v. State, 22 Texas Crim. App., 258.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited Strickland v. State, 35 S. W. Rep., 169.

DAVIDSON, Presiding Judge.—Appellant was convicted of horse theft, his punishment being assessed at two years confinement in the penitentiary.

The facts disclose that Mrs. Donnell was the owner of a tract

of land which she had rented to the witness Keeter. This tract of land consisted of about forty acres under fence for purposes of cultivation. The remainder of the tract, perhaps 120 acres, was in pasture. Mrs. Donnell reserved the right to place some of her stock in the pasture for grazing purposes, otherwise the use, control and possession of the property passed to the renter. She moved into an adjoining county some ten or twelve miles away and lived with one of her relatives, and carried with her two work horses. In the early part of August, subsequent to the renting of her property in the preceding winter, she left Texas on a vacation or visit, spending a portion of that time in Oklahoma. She was gone seven weeks. When she concluded to go off on a visit she sent Keeter word to send up and get her horses and take them to and put them in the pasture to remain during her absence, with the strict injunction that they were not to be used during her absence. In fact, her injunction was so strict that she prohibited them having a bridle placed upon them during her absence. While she was gone the horses were taken or disappeared at least from the pasture. The State's theory is that appellant along about the 25th of September sold these horses in the town of Childress. There is a great deal of testimony introduced by the State and the defendant as to whether or not appellant was in fact the seller. His testimony was to the effect that he was not only not the man who sold the horses in Childress, but that he was at home working on a house belonging to his father on the very day they were sold in Childress, about seventy miles distant. In fact, his evidence cogently presented an alibi.

The serious question in the case is raised by the allegation of ownership, the indictment alleging it to be in Mrs. Donnell, the real owner, appellant's contention being that this allegation should have placed the property in the possession of Keeter, who had charge and control of the horses. We are of opinion that appellant's contention is correct. Under our statute pertaining to this question, applicable to the law of theft, the party who has actual control, care and management of the property is the owner, at least in him the possession must be alleged. It will be noted that there was no relation of servant and master between Keeter and Mrs. Donnell so as to retain the possession in her. He was in charge of the property and the pasture where the horses were kept, and was cautioned and enjoined to keep such rigid control of the horses as to prevent them being used during her absence. This placed the horses within his control and management and until her authority to him had been revoked. See Bryan v. State, 111 S. W. Rep., 1035, for some of the cited cases. As the record presents the case the ownership was not properly alleged and there was, therefore, a variance between the allegation and the evidence. We would suggest again that where there is a doubt of ownership, or where to meet possible conditions upon the trial, the indictment should contain a sufficient number of

counts to meet any number of contingencies that might arise upon the trial. Had the real ownership been alleged in Mrs. Donnell and possession in Keeter, a variance in the proof would have been avoided, and in a case of this sort it would not be out of place and perhaps safer to have alleged ownership in Keeter in one count and actual ownership in Mrs. Donnell and possession in Keeter. These two counts would have met any possible contingency which could have arisen under the facts.

There are some other questions in the record which we deem unnecessary to discuss.

For the error indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*