### J. A. BONNER, ALIAS J. A. JOHNSON, v. THE STATE.

#### No. 383. Decided February 2, 1910.

**1.—Theft of Cattle—Variance—Ownership—Actual Control.**

Where upon trial for theft of cattle the indictment alleged that the cattle were the property of H., and were taken from his possession, and the evidence showed that he left the State for about fifteen days, and left the care and management of the cattle with N., during which time they were taken from the latter's possession, the variance was fatal. Following Honea v. State, 56 Texas Crim. Rep., 278, and other cases.

**2.—Same—Circumstantial Evidence—Charge of Court.**

Where upon trial for theft of cattle the evidence was wholly circumstantial, the court's failure to charge on circumstantial evidence was reversible error.

Appeal from the District Court of Wheeler. Tried below before the Hon. F. P. Greever.

Appeal from a conviction of theft of cattle; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*L. D. Miller* and *Willis & Willis,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was indicted and tried in the court

below for the theft of cattle, convicted and his punishment assessed at confinement in the penitentiary for four years.

The first count in the indictment alleged that the cattle stolen were the property of John Harrington and were taken from his possession without his consent. The second count alleged that the cattle belonged to John Harrington, but that the same were taken from the possession of one Robert Newland without his consent, etc. The case was submitted to the jury on the first count and the second count was expressly withdrawn from the consideration of the jury by the charge of the court. The court directed the jury that if they believed from the evidence beyond a reasonable doubt that the defendant on the date and time alleged in the indictment did fraudulently take from the possession of John Harrington the twenty head of cattle described in the indictment with the intent to deprive the said Harrington of the value thereof, and with the intent to appropriate and without his consent, they would convict. Appellant requested the court to charge the jury that unless they found beyond a reasonable doubt that the defendant took the cattle alleged to have been stolen from the possession of John Harrington in Wheeler County, they would acquit. Again appellant requested the following charge, which was refused: "The defendant requests the court to charge the jury there is a variance between the indictment and the proof in this: Said cattle are shown to have been in the possession of Robert Newland at the time they were taken and you are therefore instructed to return a verdict of 'not guilty.'" Also the defendant requested the court to charge the jury that possession of the person so unlawfully deprived of property is constituted by the exercise of actual control, care or management of the property, "and you are therefore instructed that if you find from the evidence that at the time the cattle were taken from the pasture in Wheeler County from the possession of Robert Newland . . . you will acquit the defendant and say by your verdict 'not guilty.'" These charges were refused by the court. The facts are about as follows: J. H. Harrington, the alleged owner of the property, testified that he lived at Foss, in the State of Oklahoma, some seventy miles from Wheeler County, and was engaged in farming and stock raising; that in June, 1908, he had about one hundred and fifty head of cattle here in Texas, near the town of Shamrock, in Wheeler County; that said cattle were in a pasture which he had leased; that he put said cattle in said pasture about the 8th or 10th of June; that he returned to Oklahoma and was gone some ten or fifteen days when he came back and found twenty head of the cattle gone; that he traced the cattle to Memphis, Texas, and then, after some inquiries, located the cattle at Fort Worth, went down to Fort Worth, identified the cattle as his and recovered them. The State proved that appellant sold the cattle in Fort Worth and claimed that he had purchased them at Memphis, Texas. Harrington further testified that the pasture from which the cattle were taken was inclosed by a wire fence, and, further,

that the cattle were in his possession at the time they were taken, and that he had a boy out there who was assisting him with the work; that he was just a hired man. "I managed, controlled and handled these cattle; I was managing and controlling these cattle as owner at the time they were taken from the pasture, and Bob Newland was riding the fence and looking after them as a hired hand at the time." He further testified that the young man Newland was a young man that stayed at Shamrock and that Newland had worked for him before this occasionally; that he did not know how long he had worked for him. The witness further testified as follows: "I left the care and management of these cattle with Mr. Newland at the time I left there. I had him to see after them. I gave him the care, management and control of the cattle while I was gone." Under this state of facts we are constrained to hold that there is a variance between the proof and the allegation. Under the statute and laws of Texas the property, being in the possession of Newland at the time, he was, in contemplation of law, the special owner, and, therefore, a conviction could not be had on an indictment alleging ownership and possession in Harrington when the proof showed that Newland had the possession, care, management and control of the property. In the case of Bailey v. State, 20 Texas Crim. App., 68, the court reversed the conviction because of a variance between the proof and the allegation. The indictment alleged that the stolen property was taken from the possession of the owner, W. H. Perkins; the evidence conclusively established that at the time of the taking, W. H. Perkins, the owner, had been absent from home two months on business and had taken his family with him, and that before leaving home he had placed his cattle in charge of his mother and his brother to look after, feed and care for and under this state of facts the court held that Mrs. Perkins and Ed Perkins were the parties in possession of the animal when taken and that the indictment should have alleged the taking from their possession and without their consent, or it should have alleged an actual ownership in W. H. Perkins and a taking from the possession of Mrs. Perkins and Ed Perkins, who were holding the same for W. H. Perkins, and for the error indicated and because there was a fatal variance the case was reversed and remanded. See also Bailey v. State, 18 Texas Crim. App., 426, and Frazier v. State, 18 Texas Crim. App., 434. In the more recent case of Honea v. State, 56 Texas Crim. Rep., 278, 119 S. W. Rep., 851, appealed from Childress County, the indictment alleged the ownership and possession of the property to be in Mrs. Donnell. Mrs. Donnell had a tract of land that she had rented to the witness Keeter. Part of this land was pasture land and she reserved the right to place some of her stock in the pasture for grazing purposes; she moved away some ten or twelve miles from this place; in August subsequent to the renting she left Texas on a visit, spending a portion of the time in Oklahoma, and was gone several weeks; that before she left she sent her horses to the pasture and

directed Keeter, her renter, to put them in the pasture and that they were not to be used during her absence, and she forbid even a bridle being placed on them.  During her absence the property was stolen. Under this state of facts, the indictment alleging the possession of the property to be in Mrs. Donnell, the court held there was a variance and reversed the case.  In Bryan v. State, 54 Texas Crim. Rep., 59, 111 S. W. Rep., 1035, it was held that a minor son who was living with his father and under his direction and control could not be a special owner of property, and that property that may have been in his possession must be alleged in the possession and ownership of his father, and that there was a variance in the bill of indictment and the proof where the allegation in the bill alleged the possession in the minor under the circumstances, and that case was reversed.  This case should have been submitted to the jury on the second count.  This count having been withdrawn and the case submitted to the jury on the first count, we hold that under the facts there was a variance between the allegation and proof for which the case will have to be reversed.

Again it is contended that the court below erred in not charging on circumstantial evidence.  We think this point was well taken and that the court erred in not charging the jury on circumstantial evidence, the rule being that where the testimony is wholly circumstantial, it is error for the court below not to submit this issue to the jury, and especially in this case where a special charge was requested by the appellant; and the refusal of the court to give same was error.

There are several other questions raised in the record not necessary to be considered, as they are not likely to arise upon another trial. For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*