### J. Mateo Rosalez v. The State.

#### No. 5132.   Decided October 23, 1918.

**Theft of Hog—Insufficiency of the Evidence.**

Where, upon trial of theft of hog, defendant's personal possession of the alleged property was not sufficiently shown, nor the original taking thereof, the judgment must be reversed and the cause remanded. Following Oliver v. State, 69 Texas Crim. Rep., 263, and other cases.

Appeal from the District Court of Montgomery. Tried below before the Hon. J. Lewellyn.

Appeal from a conviction for theft of hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*McCall, Crawford & McCall,* for appellant.—Cited cases in the opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of hog stealing, his punishment being assessed at two years confinement in the penitentiary.

Roberts testified for the State that he found a hog's hide about a half mile from the camp where appellant and other Mexicans were staying. The hide showed a hog to have been recently skinned. He carried this hide to Mr. Brown, the alleged owner, and to Mr. Dumas. He states that he knew this was Mr. Brown's hog. The hide had the ears on it when he found it and took it to Mr. Brown. Mr. Brown testified to ownership, and that he lost a hog; that it was a white sow. He saw the hide mentioned by the witness Roberts and recognized it as being from his hog. He was not with them when they went to the Mexican's house. The searching party found a skinned ham with a white foot on it; at least that part of a hog's hide. He says the ham and the foot were about the size and compared favorably with the hide, or what the size of the hog would have been. Dumas testified that he had a search warrant; that he went to the Mexican's house and found

a ham. He says there was no hair or hide on the ham. It had been skinned down to where the foot is cut off as a rule, and the skin left on the foot for something like six or seven inches in length. The ham was skinned. He compared the ham with the hide and it fit. This ham was found in the house where these Mexicans lived, among whom was the defendant, and was hanging in a corner of the room. He says there was another Mexican family and two single men living in the same house where defendant was living, all staying in the same room, and that they cooked and ate in that room. There was another Mexican who seems to have been foreman of this bunch of Mexicans. His name was Sovalla. This Mexican had been to Mexico and came in on Monday morning, but was not there when the hog was skinned. Appellant testified that the meat found at the house at the time was brought there by another party who was living in the same house at the same time; that his wife cooked in one place in the room and the other man's wife cooked in another place, and the meat was found in the other man's house where he cooked, "and Mr. Dumas asked where did they get this meat, and that man said she bought it, and the man, her husband, told him no, that she hadn't bought it, he brought it from where the train killed a shoat around there some place. I don't know where about, and he brought a little piece at his house and that was the meat that they found at that time, and he said he did not know nothing about it." On cross-examination by the State defendant testified there was one room in that house, and they were all living together in the same house and in the same room. He thinks the other Mexican is still at New Caney, Montgomery County, but did not know. Dumas was recalled, and he testified that when he went to the house none of the defendants were there; no men were there except this Sovalla, who had just returned from Mexico, "and this man's wife told me that it was hers—theirs. That her husband had bought it—Mateo had bought it. Then when I arrested him and brought him up, I again asked whose meat it was but he said she had bought it. They hadn't got together on it; at first she said he had bought it; then afterwards he said she had bought it." This is the case, in substance, at least, of the facts.

The criminating facts have been stated. We are of opinion this is not sufficient to justify an affirmance. The evidence as to appellant being in personal possession of the property is not sufficient. It is true the meat was in the same house and same room, but other Mexicans lived in there, and appellant's statement is, which is not controverted, that the other Mexican brought it. While it is true Dumas testified that he claimed it was purchased, and that he or his wife purchased it, still this is not shown to be false. If it be conceded that the hog was identified, still appellant's account of his possession of it and how it came to his house has not been shown false. They nowhere undertake to show, except as above stated, that he had anything to do with the taking of the hog, and if he received it from the other man who brought

it, even knowing it was stolen, it would not constitute theft. He must have been connected with the original taking. See Solomon v. State, 83 Texas Crim. Rep., 319, 203 S. W. Rep., 50; Ross v. State, 16 Texas Crim. App., 554; Oliver v. State, 69 Texas Crim. Rep., 263.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*