### J. C. RABE v. THE STATE.

#### No. 5366.    Decided May 28, 1919.

**Theft of Cattle—Possession—Ownership—Lien for Rent.**

Where, upon trial of theft of cattle, the possession and ownership was alleged in the name of the real owner, but the proof showed that the cattle were taken from the possession of a party who had them in his pasture un-

der a rental contract from the real owner, and under whose control the cattle were and upon which he held a lien for pasturage, ownership should have been alleged in the name of said last person, or the possession alleged in him as special owner, and the judgment must be reversed and the cause remanded. Following McKnight v. State, 70 Texas Crim. Rep., 470, and other cases.

Appeal from the District Court of Angelina. Tried below before the Hon. L. D. Guinn.

Appeal from a conviction of theft of cattle; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Montooth & Collins,* and *J. J. Collins,* for appellant.—On question of lien for pasturage and allegation of possession; Taylor v. State, 62 Texas Crim. Rep., 611, 138 S. W. Rep., 615; Honea v. State, 56 Texas Crim. Rep., 278, 119 S. W. Rep., 851; Bryan v. State, 54 Texas Crim. Rep., 59, 111 S. W. Rep., 1035, and cases stated in opinion.

*E. A. Berry,* Assistant Attorney General, for the State.—Cited Lockett v. State, 59 Texas Crim. Rep., 531.

DAVIDSON, Presiding Judge.—The indictment charges appellant with having committed the theft of eleven heard of cattle, taken from the possession of the alleged owner, C. B. Stewart.

The only question presented for revision is a variance between the allegation in the indictment and the evidence upon the trial as to possession and ownership. Stewart was the real owner. He had the cattle placed in a pasture that belonged to Herrington. Herrington made a contract with Thomas by which they became jointly possessed of the pasture, and Thomas lived upon the property and controlled it. Stewart placed his cattle in this pasture under a rental contract and was to pay a reasonable rental value to be fixed by Herrington. The cattle were taken from this pasture. The rent had not been paid, and was due Herrington and Thomas, for which, under Article 5664 of the Revised Civil Statutes, they held a lien on the cattle.

Stewart testified as follows: "Mr. Thomas, who lived on Mr. Herrington's place where the cattle were pastured, notified me on Wednesday morning that some of the cattle were missing from the pasture. I rented the pasture from Mr. Herrington and Mr. Thomas, and had the cattle placed in there." Thomas testified that he lived ten miles below Huntington on the Josh Herrington place, and had been so living for two years, and was working it on halves, and was so living at the time of the rental contract between Stewart, himself and Herrington, and that he owned one-half interest in the pasture at the time of the taking of the cattle. He also testified that Dr. Stewart made arrangements with him for pasturing the

cattle in his, Thomas', pasture. He made a rental contract with Thomas to rent the place, but set no price on the rental value. This was left to Mr. Herrington to determine. Thomas' business was to look after the place, keep up the fences around the pasture, close gates, and matters of that sort. He says: "I saw to the cattle that were in the pasture, that is, I was supposed to keep them in there and to keep other people's out. I saw that the fences were kept up and the gates closed the best I could.".

We are of opinion that the evidence shows a variance. Ownership should have been alleged, under these facts, in Thomas, or the possession alleged in him as special owner and real ownership in Stewart. This matter has been decided in quite a number of cases, one of which we will notice. McKnight v. State, 70 Texas Crim. Rep., 470. Under a similar statement of facts the court reversed the judgment on the question here urged. Quoting from that opinion, it is said:

Under these circumstances Jeeter was the special owner as against Pritchard, the real owner. Article 5664 of the Revised Civil Statutes gave Jeeter a lien on the cattle for the pasturage, and Pritchard could not take his cattle until this pasturage had been paid. If Pritchard had taken the cattle surreptitiously with intent to defraud Jeeter of the pasturage, he could even have been charged with the theft of the cattle from Jeeter under the terms of article 1335 of the Revised Penal Code. The real ownership could have been alleged in Pritchard and special ownership in Jeeter, but this was not done. Ownership was alleged only in Pritchard. Under all of our authorities ownership should have been alleged in Jeeter. Of course, as before stated, real ownership could have been alleged in Pritchard and special ownership in Jeeter. Taylor v. State, 62 Texas Crim. Rep., 611; Littleton v. State, 20 Texas Crim. App., 168; Frazier v. State, 18 Texas Crim. App., 434; Bailey v. State, 18 Texas Crim. App., 426; Alexander v. State, 24 Texas Crim. App., 126; Branch's Criminal Law, sec. 785, for collation of cases; Honea v. State, 56 Texas Crim. Rep., 278; Bryan v. State, 54 Texas Crim. Rep., 59."

For this reason the judgment will be reversed and the cause remanded.

*Reversed and remanded.*