Napoleon McGowan v. The State.

No. 6113. Decided March 23, 1921.

**1.—Theft of Hog—Ownership—Special Owner—Actual Owner.**

Where, upon trial of theft of a hog, the evidence was conclusive that defendant did not take the animal from the person in whom he contended possession should have been alleged, and that said person, even as special owner, had lost control of the animal, it was proper to place the ownership and possession in the actual owner. Following Deggs v. State, 7 Texas Crim. App., 360, and other cases.

**2.—Same—Identity of Stolen Property—Charge of Court—Ownership.**

Where, upon trial of theft of a hog, there was an issue as to the identity of the property found in possession of defendant, the court should have submitted the requested charge that unless the hog which was taken from the defendant belonged to the alleged owner they must acquit the defendant, although the jury might believe that said alleged owner had lost a hog of the same description. Following Doss v. State, 28 Texas Crim. App., 510, and other cases.

Appeal from the District Court of San Jacinto. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of theft· of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. M. Hansboro* and *Garrison, Pollard, Morris & Berry,* for appellant.—Cited cases in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Appeal is from the conviction of theft of a hog; punishment fixed at confinement in the penitentiary for two years.

The State relies on circumstantial evidence. Perry was the owner of a white sow weighing about on hundred pounds, which was placed by him in the latter part of January with one McMurrey to remain for a week for breeding purposes. On returning a week later, the hog was missing and a search failed to disclose her whereabouts. Some three weeks later Perry caused the arrest of the appellant, and there was found in his possession certain hog meat which Perry manifestly believed was that of his hog but which he admittedly was unable to identify as such. The sheriff accompanied him and both testified describing the meat as such as would have come from a hog of the weight of the one missing, and upon the meat in places there was white hair. On other places, however, the skin had been scraped so clean that they were unable to determine whether all the hair on the hog had been white or otherwise. The head of the hog was not found nor was there found evidence of recent slaughter further than that the meat appeared fresh and had blood about it. Perry's hog was not marked nor described otherwise than above save that it was not of the common breed of hogs which were generally running on the range in that community.

It was proved that a few days after Perry's hog was placed in McMurrey's possession a white hog or sow of about the same size, unmarked, came into the possession of the appellant. This sow, it seems, came to the residence of a witness named Mitchell, who was also indicted for the same offense and others. Appellant took the hog from Mitchell's premises, declaring at the time that it belonged to him. Mitchell claims to have told him that it might be Perry's hog, to which the appellant replied that "Perry was not the only man that owned white hogs."

The State introduced appellant's declaration claiming ownership at the time he took possession. Mitchell claims that appellant afterwards told him that Perry had come to his house looking for his hog and that subsequently appellant had killed the hog which was in his possession. Perry's visit to the appellant's house was about four weeks after he left the hog with McMurrey.

The appellant insists that the ownership should have been laid in McMurrey. Assuming that McMurrey was a special owner (Bonner v. State, 58 Texas Crim. Rep., 195) that relation would continue only while he had actual care, control and management of the animal. Bennett v. State, 32 Texas Crim. Rep., 217.

The evidence is conclusive that appellant did not take the animal from the possession of McMurrey and indicates the probability that the animal escaped or was taken from McMurrey by Mitchell. In either event, the special owner had lost control and the averment that the ownership was in Perry was proper. Deggs v. State, 7 Texas Crim. App. 360; Moore v. State, 8 Texas Crim. App., 498.

If the hog that appellant got was the one placed by Perry with McMurrey, it was not at the time it was taken under the control of McMurrey, and the principles of law stated in Littleton v. State, 20 Texas Crim. App., 171, touching the possession of animals upon the range while still in the care and control of a special owner are not applicable. See Branch's Ann. Texas Penal Code, Sec. 2447.

The sufficiency of the proof of identity of the animal in appellant's possession with the lost hog is challenged, and unless upon another trial the evidence is more cogent upon this issue, there should be no conviction. Dowdell v. State, 85 Texas Crim. Rep., 473; Rozaloz v. State, 84 Texas Crim. Rep., 134; Solomon v. State, 83 Texas Crim. Rep., 320; Strickland v. State, 81 Texas Crim. Rep., 643; Kellum v. State, 82 Texas Crim. Rep., 635.

The appellant requested the court to instruct the jury, in substance, that unless the hog which was taken by the appellant belonged to Perry, an acquittal must result although they might believe that Perry had lost a hog of the same description. The refusal of a similar request resulted in a reversal in the case of Doss v. State, 28 Texas Crim. App., 510, the court remarking:

"It devolved upon the prosecution to establish such identity beyond a reasonable doubt, and considering the uncertainty of the evidence upon this very material point, we think the court should have given said special instruction."

The necessity for such an instruction in the instant case is emphasized by the undisputed fact, proved by the State, that at the time the appellant took possession of the hog he claimed to own it. In other words, it was his defensive theory that, granting all that the State proved was true, that is, that Perry's hog was missing and that the one gotten by the appellant bore a marked similarity, they were not identical, and the charge requested would have directed the attention of the jury in the affirmative manner to this material element of the defense.

From what we have said, it follows that, in our opinion, the judgment should be reversed and the cause remanded, which is accordingly ordered.

*Reversed and remanded.*