## GUY HENRY V. THE STATE.

No. 9392.    Delivered November 4, 1925.

**1.—Hog Theft—Misconduct of Jury—Not Established.**

Where it is shown that in their deliberations, after their retirement, one of the jurors incorrectly discussed the evidence of a witness, no misconduct is shown, nor is it permissible to impeach a verdict by showing that the evidence was misunderstood by the jury, nothing appearing that the jury received or discussed any evidence not introduced upon the trial.

**2.—Same—Charge of Court—Issues Raised—Must be Submitted.**

When, on a trial for hog theft, the defensive theory raised by the evidence was that the hog found in appellant's possession was not the property of prosecuting witness but was bought by appellant from one Jim Smith, the failure of the trial court to affirmatively submit this issue in his charge to the jury, necessitates a reversal of the case.

Appeal from the District Court of Polk County. Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction of the theft of a hog, penalty two years in the penitentiary.

The opinion states the case.

*Rowe & Rowe,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

The appellant was tried and convicted in the District Court of Polk County for the offense of hog theft and his punishment assessed at two years in the penitentiary.

Briefly stated the record shows the facts in this case to be that the appellant was convicted upon the allegations in the indictment charging him with the theft of a hog belonging to Edmond Curtis. That one Jim Smith, a witness in this case for the appellant let the prosecuting witness Curtis have a red Jersey sow to raise pigs on halves and that said sow during the time that she was in the possession of said prosecuting witness Curtis brought a litter of pigs out of which ten were raised, five of which were to and did belong to Jim Smith and the other five to said Curtis. That this litter was raised near the premises of said appellant by said Curtis until they were about 8 or 9 months old and up to this point there is no variance between the testimony of the State and the appellant. The witness Curtis contends that this litter was afterwards divided between him and Smith and that he marked his five in his own mark and that said Jim Smith received his five of said hogs and marked them in his own mark and took them out of said neighborhood and to where he had recently moved. The said Smith and appellant and one or two other witnesses testified to the effect that said Smith had not taken his five hogs out of this litter from said neighborhood and that they were left there where they were raised and that he sold the hogs in question to appellant and the appellant paid him for same, and the said Smith further testified that his five hogs in said litter were not marked in his mark but the whole litter was marked in the mark of the prosecuting witness Curtis. The issue on this point was sharply drawn between the State and the appellant. The prosecuting witness Curtis testified that he could not identify the hog which he found killed and cut up in appellant's house save and except its ears were marked in his mark and that his hogs were accustomed to coming up at night and he put them in the lot and that he missed one of said hogs on the night that he discovered the fresh meat and a hog with his mark in appellant's possession. This is a sufficient statement of the facts for the purpose of discussing the points raised in this case.

The appellant raises in his motion for a new trial misconduct of the jury on account of one of the jurors stating to another juror who was favorable to acquittal that the sheriff had testified in behalf of the State that he went to

the premises of the prosecuting witness and only found four hogs in the pen on the night in question, which would show and corroborate the theory of the prosecuting witness that one of his hogs was missing that night. The record discloses that the sheriff did not make any mention in his testimony as to how many hogs he saw in the pen of prosecuting witness. We are of the opinion that there is no error shown in the ruling of the court against appellant's contention in this case on this point as this comes clearly within the decisions which hold that it is not proper for a juror to impeach his verdict and does not come under the rule that it is improper for jurors after they retire to receive and discuss evidence not introduced upon the witness stand.

Appellant contends that the court erred in not giving his special charge No. 1 to the effect "if you believe from the evi- of the defense in this case; and especially in refusing his special charge No. 1 to the effect "If you believe from the evidence that the hog in question was not the property of Edmond Curtis, or if you have a reasonable doubt as to that fact, you will acquit the defendant and say by your verdict not guilty." The court nowhere in his general charge, or elsewhere charged the jury on this phase of the case. It is the theory of the appellant's counsel that this issue was raised by the testimony of the witnesses in behalf of the appellant to the effect that Jim Smith had not removed from said vicinity his half of said hogs in said litter and that they were still in that section and that this issue was raised as to whether or not the hogs in controversy belonged to Smith or belonged to the prosecuting witness Edmond Curtis or was the hog sold by said Smith to said appellant. We think the evidence raised this issue as to whether or not the hog in question was in truth and in fact the property of the prosecuting witness and whether or not it belonged to the said witness Jim Smith and that appellant had killed same under the mistaken belief that he had purchased it from said Smith; this being the case, we think the court should have either given the charge in question or charged the jury on this phase of the case, and it was error in his refusing to do so. We think the case of McGowan v. State, 229 S. W. 323, and the case of Pinkerton v. State, 244 S. W. 606, support the contention made by the appellant in this case upon this issue.

There are other matters complained of in the record but after careful consideration of same we are of the opinion that the matters discussed and the errors mentioned are

the only matters involved which requires the consideration of this court.

For the error above discussed, and pointed out, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.