## O. Z. YARBROUGH V. THE STATE.

### No. 10718.   Delivered April 20, 1927.

### Rehearing denied June 8, 1927.

1.—Theft of Cattle—Ownership of Property—Charge of Court—Held Correct.

Where, on a trial for theft of cattle, the ownership being alleged in the real owner, who was absent from home at the time of the theft, the court having correctly submitted in his main charge and in special charges requested by appellant the issue of a special owner, the evidence supports the finding of the jury on this issue, as charged in the indictment.

2.—Same—Continued.

The cattle in question, during the temporary absence of the owner, were on their accustomed range in his pasture, and were legally in his possession.  Following McClain v. State, 89 Tex. Crim. Rep. 48, and Hartman v. State, 85 Tex. Crim. Rep. 582.

ON REHEARING.

3.—Same—Indictment—Ownership—Properly Averred.

On rehearing we cannot agree with appellant's contention that ownership should have been alleged in the purported special owners.  This issue was, however, properly submitted for the determination of the jury.  No error appearing in our original opinion, appellant's motion for rehearing is overruled.  Distinguishing Bailey v. State, 20 Tex. Crim. App. 68, and other cases cited in opinion on rehearing.

Appeal from the District Court of Cottle County.   Tried below before the Hon. J. H. Milam, Judge.

Appeal from a conviction for theft of cattle, penalty two years in the penitentiary.

The opinion states the case.

*J. Ross Bell* of Paducah, for appellant.   On question of ownership, appellant cites:   Bailey v. State, 20 Tex. Crim. App. 76; Honea v. State, 119 S. W. 851; Bonner v. State, 125 S. W. 22; Warren v. State, 106 S. W. 382.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for theft of cattle, punishment two years in the penitentiary.

The indictment charges theft of cattle owned and possessed by W. A. Bobbitt, and without dispute it appears that two head of Mr. Bobbitt's cattle were taken by appellant.   Practically

the only question raised is whether the allegation of ownership and possession in Bobbitt was met and sustained by the proof. Bobbitt had about five sections of land four miles from Paducah, in which town he lived. Part of the land was pasture, part in cultivation. Appellant's father had farmed part of Bobbitt's farm land for several years, being a renter on shares. Bobbitt had about 150 head of cattle in his pasture in March, 1926. The proof shows that he had from time to time employed appellant to haul feed to these cattle, and occasionally, when gone away for any considerable time, Bobbitt would get appellant's father to look after the cattle. It is in testimony that it was the general understanding or agreement that appellant's father was to look after the fences and windmills on the place. In March, 1926, Mr. Bobbitt went to Fort Worth to the fat stock show and was gone a few days. While he was gone the two head of cattle in question were stolen. As soon as Bobbitt returned home he missed the cattle out of the pasture, made some search for them, and found them in a pasture of a man to whom appellant had sold them. Bobbitt testified that he talked to appellant about it and the latter admitted that he had taken them, and claimed that they were the only ones he had taken. Bobbitt said he had missed other cattle. Brown testified that he bought the two head of cattle from appellant and exhibited the check given in payment. Appellant introduced only his father, who testified to his renting the farm land of Bobbitt on halves, and that when Bobbitt was away for any considerable length of time he would ask him to look after the cattle, etc. To what extent the looking after the cattle amounted to or was understood by the parties, is not shown. It is not claimed that appellant's father had any right of disposal of the cattle, or to move them from place to place, or do anything to or with them save perhaps to see that they were fed, and if any of them got out of the pasture to put them back.

Under this condition of the record the court charged the jury that if the cattle in question when taken were in the possession of appellant, his father and brother, or either of them, or if the jury had a reasonable doubt as to whose possession said cattle were in when taken, they should acquit. Three special charges appear in the record, which we infer were given because not marked refused, and not complained of in the motion for new trial, and if refused, no bill of exceptions was taken to such refusal. In these charges the jury were told that if the cattle were in the joint possession of Bobbitt, appellant, his father and brother when taken, he should be acquitted; also

that if said cattle had come lawfully into the possession of appellant, his father and brother, his subsequent appropriation of them would not constitute theft; also if the jury found that appellant with his father and brother had possession of the cattle when taken, or if they had a reasonable doubt thereof, they should acquit, and in this connection it was explained to the jury that by possession was meant the actual care, control and management of said cattle.

There are five bills of exception in the record. One is to the refusal of a charge substantially identical with one of those above referred to, which was given. Another was to the court's action in letting Mr. Bobbitt testify that the cattle when taken were in his possession. The other three were to the refusal of the court to instruct the jury to return a verdict of not guilty. We find nothing in any of these bills calling for a reversal of the case. The cattle during the temporary absence of Mr. Bobbitt were on their accustomed range in his pasture. Neither appellant nor his father asserted any right of disposition, removal, location, or anything else of said cattle save to feed them and put them back in the pasture if they got out. This we regard as merely the custody of the cattle. McClain v. State, 89 Tex. Crim. Rep. 48; Hartman v. State, 85 Tex. Crim. Rep. 582.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that we should hold under the facts that possession of the stolen animals was improperly alleged in the true owner Bobbitt. We have again reviewed the evidence and believe it to be fairly stated in our original opinion. Among other authorities to which we are referred by appellant as supporting his contention are Bailey v. State, 20 Tex. Crim. Rep. 68; Honea v. State, 56 Tex. Crim. Rep. 278, 119 S. W. 851; Bonner v. State, 58 Tex. Crim. Rep. 195, 125 S. W. 22; McKnight v. State, 70 Tex. Crim. Rep. 470, 156 S. W. 1188. All of these cases were reviewed and the salient features thereof stated in Hartman v. State, 85 Tex. Crim. Rep. 582, 213 S. W. 936, and in our judgment may be distinguished from the present case. We deem a further review of them unnecessary. Appellant also cites Warren v. State, 51 Tex. Crim. Rep. 616, 106 S. W. 382; Rabe v. State, 85 Tex. Crim. Rep. 373, 212 S. W. 502, and Bailey v. State, 50 Tex. Crim. Rep. 398, 97 S. W. 694. After a close examination of these three authorities we are of opinion the facts recited therein do not furnish a parallel which would be controlling in this case. It may be

conceded that the evidence raised the issue whether actual control, care and management of the stolen animals was in parties other than Bobbitt and this was recognized by the court and the issue correctly submitted to the jury, whose finding thereon was adverse to appellant. For us to adopt appellant's contention would in effect be to hold that the evidence wholly fails to support the jury's finding on the question of possession. This we feel unauthorized to do under the facts. There is no pretense that appellant took the cattle under the belief that he had a right to do so, nor by authority of anyone whom he claimed had the right to consent to his taking. This issue was not in the case as in some of those to which we have been referred.

Believing our former opinion properly decided the case, appellant's motion for rehearing is overruled.

*Overruled.*