## U. P. JACKSON V. THE STATE.

No. 10902.   Delivered October 5, 1927.

**Theft—Possession of Property—Improperly Alleged.**

Where the stolen property was in transit on a railroad and had not been delivered to the owner at place of destination, the possession was in the railroad company, and it was error to allege it to be the real owner. Following McKnight v. State, 70 Tex. Crim. Rep. 470, and other cases cited. Also see Frazier v. State, 18 Tex. Crim. App. 484, and other cases cited in opinion.

Appeal from the District Court of Limestone County.   Tried below before the Hon. J. Ross Bell, Judge.

Appeal from a conviction for theft, penalty two years in the penitentiary.

The opinion states the case.

*Ben F. Cone, Kennedy & Engledow* and *Ira Lawley,* for appellant.   On possession and ownership of stolen property, appellant cites:   Emery v. State, 255 S. W. 190; McDonnald v. State, 156 S. W. 209; McKnight v. State, 156 S. W. 1188; Frazier v. State, 18 Tex. Crim. App. 434; Bailey v. State, 18 Tex. Crim. App. 427; Bailey v. State, 20 Tex. Crim. App. 427; Rabe v. State, 212 S. W. 502; Rabe v. State, 222 S. W. 1106; Bryan v. State, 111 S. W. 1035; Homa v. State, 119 S. W. 831.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for theft of property of more than fifty dollars in value, punishment being assessed at two years in the penitentiary.

The only count submitted to the jury was the first count in the indictment which alleged "possession" as well as "ownership" in H. J. DeArman. The point is made that the evidence fails to support the averment as to "possession." Our State's Attorney admits that the contention is well founded. We are in accord with his views. DeArman Brothers owned several well drilling outfits. One of the brothers shipped to H. J. DeArman one of these outfits from Powell, in Navarro County, to Tehuacana, in Limestone County. The property was on a flat car on a railroad siding at Tehuacana. Among the articles on the car was a generator. Appellant Joe Brown and another party were charged with having stolen this generator. H. J. DeArman was a joint owner of the property, but at the time it was taken it had not been released to him by the railroad company. The freight charges and some demurrage charges were due the company. Another count in the indictment alleged possession in the agent of the railroad, but for some reason this count was abandoned. Under Art. 900, R. C. S., the railroad company had a lien against the property to secure the charges against it. The consignee had no right to take it until this was paid. The "possession" was unquestionably in the agent of the railroad company and not in H. J. DeArman. The latter party being a joint owner, "ownership" might have been alleged in him and "possession" alleged in the railroad company's agent who was the party exercising actual control, care and management of it, but this was not done. Cases directly in point are McKnight v. State, 70 Tex. Crim. Rep. 470, 156 S. W. 1188; Rabe v. State, 85 Tex. Crim. Rep. 373, 212 S. W. 502; McDonald v. State, 70 Tex. Crim. Rep. 80, 156 S. W. 209. Upon the general proposition of alleging ownership and possession in theft prosecutions, see Frazier v. State, 18 Tex. Crim. App. 434; Bailey v. State, 18 Tex. Crim. App. 426; Embry v. State, 95 Tex. Crim. Rep. 488, 255 S. W. 190; Bryan v. State, 111 S. W. 1035; Honea v. State, 119 S. W. 851.

Other questions are presented, some of which are interesting, but believing the one considered to be decisive we pretermit discussion of the others.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*