1. Larceny ⟨key⟩40(11) — Indictment alleging property stolen was in possession of owner held not supported by evidence showing property was on railroad cars subject to lien for freight charges (Rev. St. 1925, art. 900).

In prosecution for theft of generator, evidence, showing that generator was on railroad car, and had not been released to owner by railroad, holding lien for freight charges, under Rev. St. 1925, art. 900, showed possession to be in agent of railroad company, and failed to support averment in indictment that property was in "possession" of owner.

2. Carriers ⟨key⟩197(1)—Consignee cannot take property from railroad car until freight charges for which railroad has lien are paid (Rev. St. 1925, art. 900).

Under Rev. St. 1925, art. 900, giving railroad company lien against property on its cars to secure freight charges, consignee has no authority to take property until such charges are paid.

Appeal from District Court, Limestone County; J. Ross Bell, Judge.

U. P. Jackson was convicted of theft, and he appeals. Reversed and remanded.

Ben F. Cone, of Mexia, and Kennedy & Engledow and Ira Lawley, all of Groesbeck, for appellant.

Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty, both of Austin, for the State.

HAWKINS, J.  Conviction is for theft of property of more than $50 in value; punishment being assessed at two years in the penitentiary.

[1, 2]  The only count submitted to the jury was the first count in the indictment, which alleged "possession" as well as "ownership" in H. J. De Arman. The point is made that the evidence fails to support the averment as to "possession." Our state's attorney admits that the contention is well founded. We are in accord with his views. De Arman brothers owned several well drilling outfits. One of the brothers shipped to H. J. De Arman one of these outfits from Powell in Navarro county to Tehuacana in Limestone county. The property was on a flat car on a railroad siding at Tehuacana. Among the articles on the car was a generator. Appellant, Joe Brown, and another party were charged with having stolen this generator. H. J. De Arman was a joint owner of the property, but, at the time it was taken, it had not been released to him by the railroad company. The freight charges and some demurrage charges were due the company. Another count in the indictment alleged possession in the agent of the railroad, but for some reason this count was abandoned. Under article 900, R. C. S., the railroad company had a lien against the property to secure the charges against it. The consignee had no right to take it until this was paid. The "possession" was unquestionably in the agent of the railroad company, and not in H. J. De Arman. The latter party being a joint owner, "ownership" might have been alleged in him and "possession" alleged in the railroad company's agent who was the party exercising actual control, care, and management of it, but this was not done. Cases directly in point are McKnight v. State, 70 Tex. Cr. R. 470, 156 S. W. 1188; Rabe v. State, 85 Tex. Cr. R. 373, 212 S. W. 502; McDonald v. State, 70 Tex. Cr. R. 80, 156 S. W. 209. Upon the general proposition of alleging ownership and possession in theft prosecutions see Frazier v. State, 18 Tex. App. 434; Bailey v. State, 18 Tex. App. 426; Embry v. State, 95 Tex. Cr. R. 488, 255 S. W. 190; Bryan v. State, 54 Tex. Cr. R. 59, 111 S. W. 1035; Honea v. State, 56 Tex. Cr. R. 278, 119 S. W. 851.

Other questions are presented, some of which are interesting, but, believing the one considered to be decisive, we pretermit discussion of the others.

The judgment is reversed, and the cause remanded.

---

## Joe BROWN v. STATE.  (No. 10918.)

Court of Criminal Appeals of Texas.    Oct. 5, 1927.

Appeal from District Court, Limestone County; J. Ross Bell, Judge.

Johnson Wakefield, Kennedy & Engledow, Ira Lawley, and Ben F. Cone, all of Groesbeck, for appellant.

Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J.  Conviction is for theft of property of more than $50 in value; punishment being assessed at two years in the penitentiary.

This is a companion case to No. 10902, U. P. Jackson v. State, 298 S. W. 907, this day decided. The exact point is raised in this case upon which Jackson's Case was disposed of, and calls for like action.

The judgment is reversed, and the cause remanded.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes