WOODROW RUPARD V. THE STATE.

No. 14792. Delivered June 8, 1932.
Rehearing Denied October 12, 1932.
Reported in 53 S. W. (2d) 57.

The opinion states the case.

*Baskett & DeLee,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of sheep; the punishment, confinement in the penitentiary for two years.

Roy Chick testified that on December 14, 1930, he owned 52 head of sheep; that on December 15 following he counted his sheep and found four of them missing; that about four days after he missed his four sheep he found them at the place of business of Max. Hahn Packing Company; that he identified his sheep from general appearance, size and marks; that he lived about three miles from the pasture in which he kept the

sheep, and was in the pasture "around the sheep nearly every day." J. D. DeFries testified in part, on direct-examination, as follows: "I am acquainted with some sheep that he (Roy Chick) owned back in December. On the 14th of December we owned 50 ewes and two bucks—52 all told. I counted them on the 14th; in fact, I made a habit of counting them about every three days. On the following Monday Roy counted them, I didn't. I was ploughing. I was with Mr. Chick when he got his sheep back. I was able to identify three of them positively as being the same sheep, that I knew myself."

On cross-examination the witness DeFries testified, in part, as follows: "Yes, sir, I worked for Mr. Chick. I am working his farm. I had charge of the stock. I was there on the pasture—on the farm that I was working. Mr. Chick was not living there. He lived in town, in Richardson, about two and one-half miles away. I was taking care of the sheep for him. * * * The sheep were turned over to me for attention and care. My duties with reference to taking care of the sheep were I got a third of them for taking care of them. And they were turned over to me on the 8th of December. There were 52 head turned over to me at that time."

Max Hahn, who owned the Max Hahn Packing Company, testified that he bought the sheep in question from appellant on the 15th of December, 1930. Appellant offered no testimony.

Appellant raises the question of variance between the allegation as to possession and ownership in the indictment and the proof. The allegation in the indictment is that the sheep were taken from the possession of Roy Chick. Appellant maintains that the proof shows that the sheep were taken from the possession of J. D. DeFries. He not only raises the question of variance as to testimony, but contends that the court should have instructed the jury, in effect, that, if they believed the animals were taken from the possession of DeFries and not Chick, to acquit him. The opinion is expressed that the proof showed that the sheep belonged to Roy Chick; that DeFries was his tenant and the animals were kept on the place and were looked after by DeFries; that the owner, Roy Chick, also looked after the sheep. Roy Chick lived two and one-half miles or three miles from his farm, and, according to his testimony, went to the pasture nearly every day and saw his sheep. There was nothing in the testimony of DeFries to negative joint possession of himself and Roy Chick. Article 402, C. C. P., reads, in part, as follows: "Where one person owns the property, and another person has the possession of the same, the ownership

thereof may be alleged to be in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them."

In Bailey v. State, 50 Texas Crim. Rep., 398, 97 S. W., 694, a question similar to that found in the present record was discussed. In that case possession was alleged in S. C. Fain. The proof showed that Fain had a farm some six or seven miles from Hillsboro, where his tenant Mitchell lived. Fain spent a good deal of his time on his farm with his tenant. The animal alleged to have been stolen was kept on the farm and was looked after by Mitchell. Not only did the appellant contend that there was a variance, but he requested the court to instruct the jury that, if they believed the animal was taken from the possession of Mitchell and not Fain, to acquit him. This instruction the court refused to give. In concluding that there was no variance, and that the court correctly refused to give the requested instruction, this court, speaking through Judge Henderson, used language as follows· "In our opinion, the proof showed that the animal belonged to prosecutor Fain; that· Mitchell was his tenant, and the animal was kept on the place and was looked after by Mitchell; that the owner, Fain, also looked after the animal. Fain lived on the place about half his time. In Duncan v. State, 49 Texas Crim. Rep., 150, 91 S. W., 572, we held that article 445, Code Cr. Proc., 1895, did not relate alone to a technical joint ownership or joint possession, but referred as well to a case where the parties exercised a joint or common possession of the property. This case appears to have followed Cogshall v. State (Texas Crim. App.), 58 S. W., 1011; Tidwell v. State (Texas Crim. App.), 45 S. W., 1015; Coates v. State, 31 Texas Crim. Rep., 257, 20 S. W., 585; Scoville v. State (Texas Crim. App.), 81 S. W., 717. We do not believe there is any variance, nor do we regard the court's charge as erroneous. We do not believe that the court was called on to give appellant's special requested instruction on the subject of possession. Duncan's case, supra, was decided since the case of Long v. State, 39 Texas Crim. Rep., 461, 46 S. W., 821, 73 Am. St. Rep., 954, and reviews the authorities on the subject of joint ownership, and construes article 445. Under that construction we hold that, where the fee of an animal alleged to have been sold is in A., and B. is a tenant of A., and both exercise care, control, and management of said animal, that they are in effect joint possessors of said property, and the possession can be alleged in either."

In Hartman v. State, 85 Texas Crim. Rep., 582, 213 S. W.,

936, a situation similar to the one presented here was considered by this court. The holding in Bailey v. State, supra, was approved and the opinion quoted from at length. See, also, Haney v. State, 117 Texas Crim. Rep., 560, 36 S. W. (2d) 1033; Yarbrough v. State, 107 Texas Crim. Rep., 127, 295 S. W., 927.

We are constrained to overrule appellant's contention that there is a variance. Further, the opinion is expressed that the court properly refused to give appellant's requested charge on the subject of variance.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Citing various decisions of this court, the appellant assails as incorrect the conclusion stated in the original opinion, and contends that there is a variance in the allegation and proof with reference to the ownership of the alleged stolen sheep; at least, that there is an issue of fact upon the subject of possession which was erroneously withheld from the jury. We are constrained to conclude that the proper disposition of the case was made upon the original hearing.

The motion is overruled.

*Overruled.*