Opinion delivered June 2, 1888.

━━━━━━━━━━━━

## No. 5607.

### CHARLES MORGAN v. THE STATE.

BURGLARY—FACT CASE.—See the opinion and the statement of the case for evidence *held* sufficient to support a conviction for burglary—the chief inculpatory facts being the defendant's unexplained possession and appropriation of certain articles stolen from the house.

APPEAL from the District Court of Robertson. Tried below before the Hon. W. E. Collard.

This conviction was for the burglary of the blacksmith shop of one William Guenzell, in Robertson county, Texas, on the twenty-eighth day of January, 1887. The penalty assessed against the appellant was a term of three years in the penitentiary.

William Guenzell was the first witness for the State. He testified that he lived in the town of Hearne, Robertson county, Texas. He was a blacksmith and wood workman, and proprietor of the shop, situated in said town. His said shop was entered on the night of January 28, 1887, by some person unknown to witness, and without witness's knowledge or consent, and certain articles, including a brace and bit, a chisel and a handsaw, were

taken and removed from said shop. The shop was entered by digging a passage under the door. About three weeks after said burglary, the witness found the articles mentioned in the possession of Allen Burke, in Hearne.

Lydia Ricker testified, for the State, that she was the proprietress of a boarding house in Hearne, Texas. Defendant came to witness's house to board about the last of January, or the first of February, 1887. This was on the Monday after the burglary of Guenzell's blacksmith shop. He brought something to the house tied up in a bundle. He remained at witness's house about a week. On her cross examination, the witness said that the articles brought to her house in a bundle by defendant were tools of some kind. Defendant kept the tools in the house and made no effort to conceal them. Witness's house was the third one from Guenzell's blacksmith shop, on the same side of the street.

Allen Burke testified, for the State, that the defendant gave him, the witness, the brace and bits and the chisel as security for board. Witness first saw the said articles in Lydia Ricker's house in the possession of the defendant. No effort was ever made by the defendant to conceal the tools, so far as witness knew. After holding the tools about two weeks, he put them in Cohen's store for sale. Guenzell saw them in Cohen's store, and claimed and recovered them. Witness's house was directly opposite Lydia Ricker's boarding house, on the same street. Defendant carried the tools openly, in his hands, from Lydia Ricker's house to that of witness.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. There is but a single question to be determined on this appeal, and that is the sufficiency of the evidence to support the conviction, and we are of the opinion that it is sufficient. It was proved that a house was burglariously entered by some one, and certain property stolen therefrom.

Recently thereafter the defendant was seen in possession of some of the same property which had been so stolen, and which was positively identified as such by the owner. Defendant appropriated said property as his own by pledging it as security for a debt he owed. He made no explanation of his possession

of said property at any time, and made no attempt on the trial to account for or explain when, where, how or from whom he acquired possession of it. (Payne v. The State, 21 Texas Ct. App., 184; Prince v. The State, 44 Texas, 480.)

The judgment is affirmed.

*Affirmed.*