## C. C. COATES v. THE STATE.

*No. 494.   Decided November 16.*

1. **Burglary—Indictment, Counts in—Charge of Court.**—Where an indictment for burglary contained two counts, one for a daytime and one for a nighttime burglary, and the evidence showed the burglary to have been committed in the nighttime, and also showed conclusively that the crime, if committed at all, was committed at night, *held*, that the court properly limited and restricted the jury, in their findings, to a nighttime burglary.

2. **Same—Case Followed.**—The case of Williams v. The State, 24 Texas Court of Appeals, 69, followed as to the sufficiency of the indictment to charge burglary.

3. **Same — Motion to Postpone Trial for Absent Testimony.**—Where defendant, on a trial for burglary and theft of fifty bottles of beer, of the value of $10, moved to postpone the trial in order to obtain the testimony of two witnesses, by whom he expected to prove that he was in good financial condi-

tion, and had recently received large sums of money from said witnesses, *held*, the evidence was immaterial, did not tend to disprove the crime, mitigate the offense, or excuse or justify the act.

4. **Allegation and Proof—Joint Ownership where Separate Ownership is Alleged.**—Where the indictment alleged the ownership to be in one party, and the proof showed that it belonged to a partnership, *held*, under article 426, Code of Criminal Procedure, which provides, that " where property is owned in common or jointly by two or more persons, the ownership may be alleged to be in all or either of them," that there was no variance between allegation and proof, and the court properly charged the jury that the State need not prove want of consent except as to the party in whom ownership was laid.

Appeal from the District Court of Coleman. Tried below before Hon. W. J. Wingate.

Appellant was indicted for burglary, and for the theft of fifty bottles of beer, alleged to be the property of J. P. Lynn. At his trial he was found guilty, and his punishment assessed at two years in the penitentiary.

The evidence showed that the property stolen belonged to a partnership, composed of J. P. Lynn and R. A. Ewing, and defendant's contention was, on the trial, that there was a variance as to allegation and the proof as to ownership. The evidence showed that on the second night after the burglary, defendant and two other parties, at the time of their arrest, were found in possession of a sack containing bottled beer, and the other evidence, though circumstantial, was quite conclusive as to defendant's guilt.

*Sims & Snodgrass*, for appellant.—The court erred in refusing to give the following special charge requested by defendant:

" You are instructed in this case, that if you believe from the evidence the beer and house in controversy was in the joint care, control, and management of J. P. Lynn and R. A. Ewing, then you are instructed that the burden of proof would be upon the State to prove beyond a reasonable doubt that the said beer was taken, if taken at all, without the consent of R. A. Ewing as well as without the consent of J. P. Lynn, and proof of a taking without consent of J. P. Lynn would not be sufficient; and if the State has not so proven, then you will acquit defendant." Frazier v. The State, 18· Texas Ct. App., 434; Reed v. The State, 14 Texas Ct. App., 667; Bailey v. The State, 20 Texas Ct. App., 76; Littleton v. The State, 20 Texas Ct. App., 168; Tinney v. The State, 24 Texas Ct. App., 112; 26 Texas Ct. App., 133; 22 Texas Ct. App., 684; 13 Texas Ct. App., 462; 28 Texas Ct. App., 445.

The jury should have been instructed, that the want of consent on the part of R. A. Ewing to the taking must be proved by the State, and that proof of a taking from the actual possession of R. A. Ewing and J. P. Lynn was a variance from the allegation in the indictment alleging a tak-

ing from possession of J. P. Lynn. We insist that article 426, Code of Criminal Procedure, does not affect the question. That before the enactment of said article it was necessary not only to prove want of consent of joint owners, but also it was necessary to allege such joint ownership. Said article does not propose to treat of any question other than pleading, and prescribes that in case of joint tenants or joint owners the allegation as to ownership in the indictment may be in name of either or all, and does not pretend to go any further, in effect, than to say in such a case proof of joint ownership will not be a variance from allegation of ownership in one of the joint owners. This statute only treats of 'question of ownership as a question of pleading in an indictment, and can not be held to repeal the general penal statute defining theft to be a taking without consent of the owner. Any other construction than the one urged would place it in the power of the district attorney to repeal the general statute of theft by the mode of statement adopted by him in the indictment. Again, article 426 only authorizes allegations of ownership in one when there is a joint ownership, and this refers to actual ownership—the general ownership—and does not authorize such allegation in case of special ownership, based upon actual care, control, and management. In such case possession must be alleged to be in the person having actual control, care, and management, and want of consent of all parties in possession must be proved.

The charging part of the indictment is as follows: " In the county of Coleman, in the State of Texas, at nighttime, in the county and State aforesaid, did by force, threats, and fraud, break and enter a house, there situated and owned and occupied by J. P. Lynn, without the consent of said J. P. Lynn, and with the intent then and there to commit theft; and the said C. C. Coates did then and there fraudulently take from the said house, and from the possession of said J. P. Lynn, fifty bottles of beer, of the value of $10, same being then and there the corporeal personal property of the said J. P. Lynn, without the consent of the said J. P. Lynn, and with the intent to deprive the said J. P. Lynn of the value of same, and to appropriate it to the use and benefit of him, the said C. C. Coates; and the grand jurors aforesaid, upon their oaths in said court, do further present that C. C. Coates, in the county of Coleman, in the State of Texas, on or about the 23d day of September, 1891, in the daytime, in the county and State aforesaid, by force, threat, and fraud, did break and enter a house there situated, owned, and occupied by J. P. Lynn, without the consent of the said J. P. Lynn, and with the intent then and there to commit theft, and the said C. C. Coates did then and there fraudulently take from the said house, and from the possession of the said J. P. Lynn, fifty bottles of beer, of the value of $10. the same being then and there the corporeal personal property of the said J. P. Lynn, without the consent of the said J. P. Lynn, and with the intent to deprive the said J.

P. Lynn of the value of the same, and to appropriate the same to the use and benefit of him, the said C. C. Coates."

The verdict of the jury is as follows:

"We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment at two years confinement in the penitentiary.

"D. A. Paddleford, Foreman."

Indictment to charge burglary must set out an intent to commit theft, not in general terms, but must set out all the material ingredients constituting the offense of theft. Black v. The State, 18 Texas Ct. App., 127; Reeves v. The State, 7 Texas Ct. App., 276; 27 Texas Ct. App., 448; Reed v. The State, 14 Texas Ct. App., 662; Rodriguez v. The State, 12 Texas Ct. App., 552; Webster v. The State, 9 Texas Ct. App., 75; 16 Texas Ct. App., 643; 1 Texas Ct. App., 213; 41 Texas, 98.

Upon the question that an indictment, as in this case, charging an entry and theft after entry, does not charge the offense of burglary: Reeves v. The State, 7 Texas Ct. App., 276. Upon the question as to the legality of the verdict, judgment, and sentence: Miller v. The State, 16 Texas Ct. App., 419.

*R. L. Henry*, Assistant Attorney-General, for the State.—The indictment follows one of the forms set out by Judge Willson in his work on Criminal Forms, No. 461, page 200. This is sustained in the very same indictment in the case of Williams v. The State, 24 Texas Court of Appeals, 69.

It is further contended that the verdict and judgment is imperfect, in that it "found the defendant guilty as charged in the indictment," when there were two counts in the same indictment. This is well settled, that when there are more than one count in an indictment, and the court only submits one count to the jury, and they bring in a verdict of guilty as charged in the indictment, that it will be construed to find him guilty of the count submitted to them. Parks v. The State, 29 Texas Ct. App., 597; Dalton v. The State, 4 Texas Ct. App., 333, and the authorities cited.

DAVIDSON, Judge.—This appeal is prosecuted from a conviction of burglary. In separate counts the indictment·charges burglary at night and in daytime. The court's charge limited the consideration of the jury to the count alleging the burglary at night.

The evidence adduced shows the offense to have been committed at night, and excludes the idea that the house was entered in the daytime. It was not error for the court to so limit the jury. This was the case as made by the facts. The court might have appropriately required a dismissal of the second count, or have pointedly instructed the jury to disregard said count, or charge them to acquit appellant of the charge therein

contained. Parks v. The State, 29 Texas Ct. App., 597. Appellant attacks the indictment for the first time in this court, and urges its insufficiency to charge the offense of burglary. A similar indictment was sustained in Williams' case, 24 Texas Court of Appeals, 69, and we think correctly.

Appellant sought a postponement of his cause for the testimony of Hughes and Rathmell, by whom he expected to prove that about the time of the burglary, he "was possessed of large means, and in good financial condition," and that also about said time he "had received from said witnesses different and large sums of money." Concede the truth of these facts, yet they did not and do not antagonize a single criminative fact in the case, nor did they tend to mitigate the offense, or to excuse or justify the act. In order to be material, the absent testimony must tend to disprove, render improbable, or cast some suspicion upon the evidence relied on for a conviction. The evidence expected to be shown by the absent witnesses was not material, under the facts of this case. Defendant entered the house to steal beer, not money.

The indictment alleged ownership in J. P. Lynn. The evidence disclosed the ownership, as well as the actual care, control, and management, to be in said Lynn and one Erwin. They were partners. The court, in appropriate terms, charged the jury that the ownership was properly averred, and proof of such averment would be sufficient to sustain the indictment in this respect. This was excepted to by appellant, and an instruction requested by him, which was refused, to the effect, that if Lynn and Erwin were joint owners, it was incumbent on the State to prove want of consent of both parties; otherwise the defendant was entitled to an acquittal. Our statute provides, that "where property is owned in common or jointly by two or more persons, the ownership may be alleged to be in all or either of them." Code Crim. Proc., art. 426. Where two or more parties are in the actual care, control, and management of property alleged to have been stolen, the indictment may allege ownership in all or either of them, and the State will only be required to prove such allegation. It is not incumbent on the State to prove want of consent of nonalleged owners.

The court charged also, that "where property is owned jointly or in common by two or more persons, the ownership may be alleged to be in all or in either of them; and proof of the allegations as made in the indictment is sufficient, in cases of theft, as to ownership of property alleged to have been stolen." This charge correctly states the law, and the exception reserved thereto was not well taken. Terry v. The State, 15 Texas Ct. App., 66.

The evidence supports the verdict of the jury and the judgment of the court. Judgment affirmed.

*Affirmed.*

Judges all present and concurring.