## JESSE DUNCAN v. THE STATE.

### No. 3375.   Decided December 20, 1905.

#### 1.—Theft—Indictment—Variance.

On a trial for theft of two bales of cotton, over the value of $50, where the indictment alleged the ownership in Register Brothers, naming them each and not alleging that the name or style of the firm was Register Brothers; and alleged the possession in C. C. Mathews and proved want of consent in all the parties the same was sufficient, and no variance.

#### 2.—Same—Charge of Court—Statutes Construed—Possessory and Actual Owner —Custodian—Servant.

On trial for theft, where the indictment alleged the ownership in R. Brothers, naming each of them, and the possession of the property (two bales of cotton), in M. and the evidence showed that one D. was the mere custodian and servant for said M. of the alleged stolen property. Held that article 445, Code Criminal Procedure, applied to possessory owners as well as to actual owners, and authorized a conviction under the evidence and the allegations, and that there was no variance between the allegations and the proof, and there was no error in the court's charge to the effect that if the proof showed that M. and D. had joint possession, the ownership and possession could be alleged in either; and that if said D. was working in the cotton yard under the control of said M. there would be no variance.

Appeal from the District Court of Henderson.   Tried below before Hon. D. H. Gardner.

Appeal from a conviction of theft of two bales of cotton over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Richardson & Watkins,* for appellant.—On question of indictment and variance: Texas & Pacific R. R. Co. v. Truesdell, 51 S. W. Rep., 273.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of two bales of cotton, over the value of $50, and his punishment assessed at two years confinement in the penitentiary.

The indictment is in two counts; the first of which charges that appellant, "did then and there unlawfully and fraudulently take two bales of lint cotton of the value of $70, the same being the corporeal personal property of Register Brothers, a mercantile firm composed of H. Register and C. F. Register, from the possession of the said H. Register and C. F. Register, and from the possession of C. C. Matthews, who was holding the same for the said H. Register and C. F. Register, without the consent of the said H. Register and C. F. Register, and without the consent of the said C. C. Matthews, or either of them, with intent to deprive the said Register Brothers of the value thereof, and with the intent to appropriate it to the use and benefit of him, the said Jesse Duncan." The second count charges, as follows: that appellant "did then and there unlawfully and fraudulently take from the possession of one C. C. Matthews, who was holding the same for H. Register, two bales of cotton of the value of $70 the same then and there being the corporeal personal property of and belonging to the said H. Register, without the consent of the said H. Register, and without the consent of the said C. C. Matthews, or either of them, and with the intent then and there on the part of him, the said Jesse Duncan to deprive the said H. Register of the value of the same and to appropriate the said property to the use and benefit of him, the said Jesse Duncan." When the testimony was concluded, appellant moved to quash the first count on the ground that the evidence disclosed that there was no such firm as Register Brothers, that the firm name disclosed by the testimony was C. F. Register, and that consequently there was a variance as to the ownership. We do not concur in this view. It will be noticed that the count does not allege that the name or style of the firm was Register Brothers. The allegation is, that it was the property of Register Brothers, a mercantile firm composed of H. Register and C. F. Register. This, it seems to us, is equivalent to saying that the cotton was the property of H. Register and C. F. Register, brothers, and who composed a mercantile firm.

It is further contended as to both counts of the indictment, that

the proof showed that Leonard Donald was in the actual care, control and possession of the cotton, when alleged to have been stolen, and therefore the allegation that the same was in the possession of C. C. Matthews, constituted a variance, and appellant should have been acquitted on this ground. In this connection, it was further contended that article 445, Code Criminal Procedure, which authorizes, "in an indictment for theft, where the property is owned in common or jointly by two or more persons, the ownership may be alleged to be in all or either of them"; that this refers exclusively to the ownership in fee, or actual ownership of the property, and not to possessory ownership; that this view was presented to the court and an instruction requested on that line. But the court not only refused to give such instruction but gave a contrary one, in effect telling the jury, that if Matthews and Donald were joint possessors of the property, the possession or ownership for the purposes of prosecution could be alleged in either; and that the allegation that the ownership was in Matthews was proven, if the evidence showed a joint right of possession in both of said parties. The argument of appellant in support of this position is quite cogent, but we believe the question has heretofore been decided adversely to his contention, and has been followed in a number of decisions. In Coats v. State, 31 Texas Cim. Rep., 257, article 45 is held to apply to possessory owners as well as to actual owners. It will be seen from an examination of appellant's brief that this question was made in the case. Counsel in that case contended that article 445 (which was then article 426) only authorized the allegation of ownership in one where there is a joint ownership, and this refers to actual ownership—the general ownership—and does not authorize such allegation in case of special ownership based upon actual care, control and management. In such case possession must be alleged to be in the person having actual care, control and management, etc. The indictment in the case alleged ownership in J. P. Lynn. The evidence disclosed the ownership, as well as the actual care, control and management to be in said Lynn and one Irvine. They were partners. The court in appropriate terms charged the jury, that the ownership was properly averred, and proof of such averment would be sufficient to sustain the indictment in this respect. The court in speaking on this proposition, regarding the charge of the court, says: "Where property is owned jointly or in common by two or more persons, the ownership may be alleged to be in all or either of them." In Cogshall v. State, 1 Texas Ct. Rep., 122, it was insisted that the indictment alleges the house burglarized and the property therein, belonged to Pedro Rendon, and that the testimony showed it was the property of his mother-in-law. The court say: "We have examined the record, and while the ownership of the property was in the mother-in-law, yet the prosecutor Pedro Rendon, lived in the house with his mother-in-law, and we gather from the testimony

that appellant had as much control of the premises as she did. In other words, that their tenancy was in common. Article 445, Code Criminal Procedure, provides, "Where property is owned in common or jointly by two or more persons, the ownership may be alleged in all or either of them." This has been applied to ownership in burglary cases. Citing Tidwell v. State, 45 S. W. Rep., 1015; Coats v. State, supra. It will be seen that this case is authority for the proposition that, although one of the joint possessors is the actual owner, both can be treated as possessory, and the possession and ownership can be alleged in either. And see Scoville's case, 10 Texas Ct. Rep., 914. The contention of appellant is based on some proof in the record as to one Donald being either in exclusive possession of the cotton yard from which the two bales of cotton were taken, or being in joint possession of said cotton yard with C. C. Matthews. The evidence as to their possession was about, as follows: the cotton yard from which the two bales of cotton were taken, belonged to C. C. Matthews (that is, it really belonged to him and one Harrison, but for the purposes of this case it may be considered as belonging to Matthews). Late in the season, about December, he got Donald to look after the cotton yard, and paid him 10 cents a bale for all the coton he might weigh: the cotton season being then nearly over. Matthews himself supervised his yard, going there several times a week to look after it. He states that when the cotton was taken, Donald was in charge under his contract; that the week the cotton was taken (which was some time in December) was the first week Donald had worked there; that the cotton must have been taken about Wednesday or Thursday, and that he was at the yard when the cotton was missed on Saturday morning; that he (Matthews) was responsible for the cotton; that he (Matthews) attended to the yard himself Saturdays, as Donald worked in a store most of the day; that the cotton was his, and he was looked to as responsible for it; that he did not turn over the cotton in the yard to Donald for him to take and run it; that he (Matthews) got 25 cents a bale for all cotton brought into the yard, and weighed, and he gave Donald 10 cents a bale for what he weighed. When the cotton was missed, this witness followed and identified it. It occurs to us that this comes within the principle announced in a number of cases, that the mere custodian, as a servant, is not the possessor of the property, but his boss or master is the actual possessor, and the possession can be alleged in him. Graves v. State, 42 S. W. Rep., 300; Willis v. State, 44 S. W. Rep., 826; Livingston v. State, 38 Texas Crim. Rep., 535; Roeder v. State, 45 S. W. Rep., 570.

So that, in our opinion, the court's charge to the effect that if the proof showed that Matthews and Donald had joint possession, the ownership and possession could be alleged in either, was correct. The allegation that the same was in Matthews would not constitute a variance, if the proof showed that they were joint possessors. Nor

would it make any difference, in our opinion, if Donald was a mere servant, if the proof showed that he was in the possession as a mere servant and custodian of Matthews. And so this charge of the court was correct: "If said Leonard Donald was working in the cotton-yard, under the control and supervision of said C. C. Matthews," there would be no variance. The court gave the following instruction in this connection: "On the other hand, you are charged that if Leonard Donald had the exclusive control, care and management of said two bales of cotton, then there would be a variance between the allegations as to possession, and you should acquit; or, if you have a reasonable doubt on this point, you should acquit." Under this charge, the jury were distinctly told to acquit, if the proof showed the exclusive control, management, etc., in Donald. While, perhaps, under the proof, this charge was not necessary, yet it certainly safe-guarded appellant's rights, if the jury did not believe there was a joint possession by Matthews and Donald, or if they did not believe that he was a mere servant and in control of said cotton yard and cotton, under Matthews.

The same observation we have made above with reference to the charge of the court, also holds good with reference to the motion to strike out on account of variance. There being no variance, the court did not err in refusing to strike out the evidence as requested.

Nor did the court err in refusing the special charges requested on the same subject. We understand there is no dispute as to the in-culpatory facts. No error appearing, the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]