### J. W. MILLER v. THE STATE.

No. 5976.    Decided November 17, 1920.

1.—Theft—Indictment—Proof—Ownership—Variance—Special Owner.

Where, upon trial of theft, alleging the taking from the possession of H. B. Lamb, certain property, and the proof showed that Enloe was the person who had the care, control and management of said property and was in actual possession of it at the time when it was taken, was not a mere custodian, but a special owner, the variance is fatal. Following Frazier v. State, 18 Texas Crim. App., 442.

2.—Same—Circumstantial Evidence—Charge of Court.

Where, upon trial of theft, the evidence showed that the defendant had admitted the taking of the alleged stolen property, the main, inculpatory fact, a charge on circumstantial evidence was not required. Following Heard v. State, 24 Texas Crim. App., 111.

3.—Same—Sufficiency of the Evidence—Conspiracy—Theft.

Where, there was evidence that the alleged stolen property was sold by the accomplice, and a check payable to the defendant put in his possession, and further evidence which authorized the jury to infer that this check was collected and the proceeds divided with the defendant; the proof of these transactions, taking place in the absence of the defendant, including the introduction of the check, was not obnoxious to the hearsay rule, as it showed a conspiracy between defendant and his accomplice which continued until the object was accomplished; besides, the check was a part of the fruits of the crime. Following Pierson v. State, 18 Texas Crim. App., 561.

4.—Same—Argument of Counsel—Comparison of Handwriting.

Where, the admitted signature of the defendant was in evidence, and an issue of fact was raised as to whether defendant had indorsed the check in evidence, etc., there was no error in permitting the prosecuting attorney to discuss the comparison of the signatures in his argument. Following Hatch v. State, 6 Texas Crim. App., 384.

Appeal from the District Court of Wichita. Tried below before the Honorable T. R. Boone, Special Judge.

Appeal from a conviction of theft; penalty, confinement in the penitentiary for two years.

*Mathis & Caldwell,* for Appellant.—On question of Ownership: Branch Ann. P. C., pp. 1316-1317.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction is for theft, and punishment fixed at confinement in the penitentiary for two years.

The appellant and one Corcoran were jointly indicted, but tried separately. It was charged that a number of joints of casing were taken from the possession of H. B. Lamb. Lamb resided at Burkburnett, and was district superintendent of production of the Magnolia Petroleum Company, and had charge of all material used in the production of oil. The pipe in question was taken from the Fowler farm near Burkburnett, upon which the Fowler Farm Oil Company was boring an oil well. The Fowler Farm Oil Company belonged to the Magnolia Petroleum Company. The particular lease upon which this well was boring was in charge of Mr. Enloe. It came under the supervision of Lamb, but Enloe was the farm boss or foreman. Enloe took orders from Lamb, who had general supervision over all leases, including the Fowler lease, but had no personal connection with this particular lease. Enloe was an employee of the Magnolia Petroleum Company, and had this casing—which was second-hand—upon the ground in connection with boring a well for that company, to whom primarily the casing belonged.

The point was made upon the trial, and urged here, that there was a variance in the proof of ownership. We think this point is well taken. Enloe seems to have been the person who had the care, control, and management of the property, the person in actual possession of it, and under the proof made should have been named in the indictment as the owner. Branch's Annotated Texas Penal Code, sec. 2434. The person having actual charge, control, and management should be named in an indictment for theft as the owner. The statute on the subject was so construed in Frazier v. State. 18 Texas Crim. App., 442, a case which has been followed in numerous instances, and, so far as we are aware, without departure. Enloe's relation to the property appears to have been that of special owner, not of a mere custodian. See Branch's Annotated Texas Penal Code. sec. 2447, and cases collated. When the facts in his knowledge leave the pleader in doubt as to the ownership, the practice of embracing separate counts in the indictment should commend itself to him.

There being evidence that the appellant had admitted the taking of the property, the main inculpatory fact, the charge on circumstan-

tial evidence was not required. Heard v. State, 24 Texas Crim. App., 111, and other cases Branch's Ann. Texas Penal Code, sec. 1873.

There was evidence that the property was sold by the accomplice Corcoran, and a check payable to the appellant put in his possession. There was evidence from which the jury was authorized to infer that this check was collected, and the proceeds divided with the appellant. The proof of these transactions, taking place in the absence of the appellant, including the introduction of the check in evidence, was not obnoxious to the hearsay rule. Under the evidence from the state's standpoint, the appellant and Corcoran were co-conspirators, and the object of the conspiracy was the acquisition of the property, its sale, and the apportionment of the proceeds. Under this evidence, the conspiracy continued until its object was accomplished, and the acts and declarations of Corcoran in furtherance of the conspiracy were admissible though in the absence of the appellant, and though made after the property had been taken. Smith v. State, 21 Texas Crim. App., 107; O'Neal v. State, 14 Texas Crim. App., 583; Taylor v. State, 3 Texas Crim. App., 200; Knight v. State, 7 Texas Crim. App., 209. Even if the conspiracy had ended, the check was a part of the fruits of the crime, and its possession by the accomplice was admissible. Pierson v. State, 18 Texas Crim. App., 561; Branch's Ann. Texas Penal Code, sec. 694, 695.

There was, as we understand the record, an issue of fact as to whether the appellant had indorsed the check which was delivered to Corcoran, made payable to the appellant, and given by the purchaser in payment for the stolen property. An admitted signature of the appellant was in evidence, and we discern no error in permitting the prosecuting attorney to discuss the comparison of signatures in his argument. The evidence was competent, expressly made so under Article 814, C. C. P. It was available for discussion. Hatch v. State, 6 Texas Crim. App., 384.

The error pointed out requires a reversal of the judgment, which is ordered.

*Reversed and remanded.*