## J. N. Snover v. The State.

### No. 6846.  Decided March 15, 1922.

**1.—Swindling—Name of Owner—No Variance—Joint Ownership—Indictment.**

Where, upon trial of swindling, W. H. Sanders was named as the owner of the property, and the proof showed that Sackowitz Bros. was a corporation engaged in selling merchandise; that Sanders was secretary-treasurer of the corporation, and part owner of it, there was no variance in the allegation and the proof.  Following Price v. State, 55 Texas Crim. Rep., 158; the ownership being joint, the averment naming the owner in possession was sufficient.  Following Coates v. State, 31 Texas Crim. Rep., 261.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of swindling, the evidence sustained the conviction, there was no reversible error.

Appeal from the Criminal District Court of Harris.  Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of swindling; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey*, Assistant Attorney General, and *E. T. Branch*, District Attorney, for the State.—Cited Bailey v. State, 50 Texas Crim. Rep. 398.  Whorton v. State, 151 S. W. Rep., 300; Guyon v. State, 89 Texas Crim. Rep., 287, and cases cited in opinion.

MORROW, Presiding Judge.—The conviction is for swindling; punishment fixed at confinement in the penitentiary for a period of four years.

W. H. Sanders was named as the owner of the property.  The proof showed that Sakowitz Brothers was a corporation engaged in selling merchandise; that Sanders was the Secretary-Treasurer of the corporation and part owner of it; that the two Sakowitz were also part owners, and in the conduct of the business, each had authority equal to that of Sanders.  Slattery was an employee of the corporation in the capacity of credit manager.  Sanders, as secretary, had general supervision, care and control of the merchandise in the store.  Slattery worked under him.

According to the State's theory, the appellant falsely represented that he was a nephew of George E. Gordon and had been directed by Gordon to purchase certain merchandise from Sakowitz Brothers and caused the same to be charged to the account of Gordon.

The point is made that the facts developed with reference to ownership was fatal to the conviction.  We do not think so.  In the statute, it is said:

"Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them." (Code of Crim. Proc., Art. 457.)

If the ownership was joint, the averment naming the owner in possession was sufficient. Coates v. State, 31 Texas Crim. Rep. 261; Branch's Ann. Texas Penal Code, Sec. 2434.

There was no attempt to allege the ownership in the corporation. It was charged to be in W. H. Sanders. His relation to the corporation was that of a special owner, and the averments, as we understand them, conform to the rule applicable to an indictment where the property appropriated is that of a corporation.

In the case of Price v. State, 55 Texas Crim. Rep. 158, the ownership was laid in Ben Irelson. The proof showed that the property belonged to the Ben Irelson Company, of which Ben Irelson owned a majority of the stock. The point was there made, as here, that there was a variance. The contention was rejected upon reasons stated in the opinion written by Judge Ramsey. These reasons are pertinent, and without repeating them, we refer to the report of the case as supporting the action of the trial court in the instant case. See also Ricks v. State, 41 Texas Crim. Rep. 677, and references therein made to other cases.

Appellant testified that he selected several articles of merchandise and directed that they be charged to George E. Gordon; that he was referred to Mr. Slattery, the credit man, who approved the sale, and the goods were delivered to the appellant.

Slattery testified that appellant told him that he was a nephew of George E. Gordon, and that he had permission of Gordon to make the purchase upon his account, and that relying thereon, the goods were delivered. Proof was definite that he was not Gordon's nephew, and the appellant denied making this representation. Gordon testified that he gave appellant no authority to obtain the goods. The value of the goods was proved to be above fifty dollars.

The case was submitted to the jury in a manner of which there is no complaint made, and in our opinion, the evidence is sufficient to support the verdict of conviction.

The judgment is therefore affirmed.

*Affirmed.*