## G. A. WILLIAMS v. THE STATE.

### No. 9215. Delivered October 14, 1925.

#### Theft, a Misdemeanor—Ownership and Possession—Variance Fatal.

Where on a trial for theft, there is no evidence supporting the allegation that the ownership and possession of the property was in H. J. Harris, but showed that it, was in the Harris Motor Company, the variance is fatal. The mere fact that Harris was manager of the Harris Motor Company would not establish ownership and possession in himself, without proof that he had actual control of the property, and on account of this failure of proof, and variance, the cause must be reversed.

Appeal from the County Court of Collin County. Tried below before the Hon. T. O. Murray, Judge.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $100.00, and thirty days in the county jail.

The opinion states the case.

*John Doyle,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the county court of Collin County for the offense of misdemeanor theft and his punishment assessed at a fine of $100.00 and confinement in the county jail for a term of thirty days.

The count in the indictment on which the appellant was convicted charges that he,

"did then and there unlawfully take from the possession of H. J. Harris, two automobile tires of the value of $20.00 and two tubes of the value of $4.00, of the aggregate value of $24.00 without the consent of the said H. J. Harris, the same then and there being the corporeal personal property of and belonging to the said H. J. Harris, and with the intent then and there on the part of the said G. A. Williams, to deprive the said H. J. Harris of the value thereof and to appropriate the same to the use and benefit of him, the said G. A. Williams."

This case must be reversed because the facts proved do not correspond with the allegations contained in the indictment. The undisputed testimony shows that the property stolen belonged to the Harris Motor Company and that it did not belong to H. J. Harris. H. J. Harris, testified as follows:

"My name is H. J. Harris. I reside in McKinney, Texas and am manager of Harris Motor Company which has its place of business

in McKinney, Collin County, Texas. On the 26th day of September, 1924, there were two tubes and two casings taken from the Harris Motor Company. They were worth about twenty-dollars. I did not give my consent for any one to take the tubes and casings. They were taken from the service part of the business, in the front end of the building occupied by the Harris Motor Company. The defendant, G. A. Williams, worked for the Harris Motor Company back in the repair department in the back of the building. He had nothing to do with the business in the service department. He was a mechanic in the repair department. These tires had been used in demonstration service but were not damaged." The State's witness, Gladden, testified that he had charge of the service department for Harris Motor Company.

It will be observed that this witness utterly fails to testify to any fact that would lead to the conclusion that he was in possession of this property at the time it was stolen. The mere fact that he was manager for the Harris Motor Company is not sufficient to warrant this court in assuming that he was therefore in possession of the property belonging to said company. The rule is well settled in this State that in theft cases possession may be alleged to be in the actual owner, who is the general owner; or it may be in some person holding the property for the actual owner who is the special owner. Osborne v. State, 245 S. W., 929. However, as in this case, when it is alleged that the property is taken from the possession of one party and the proof shows that the property belonged to another party, before a conviction can be sustained, it must be shown by the testimony that the party named in the indictment as the owner was in the actual possession of the same holding it for the real owner at the time of the theft. In this case, the indictment charges that the property was in the possession and was owned by H. J. Harris. The proof shows that the property was taken from the possession of the Harris Motor Company. There is no proof that Harris was in possession of said property at the time it was taken. The mere fact that he was manager of the Harris Motor Company, would not supply this proof. In order to have met the requirements of the law, the proof should have gone further and shown that as manager or in some other capacity, he had control over and possession of the property alleged to have been stolen from the Harris Motor Company, the party whom the proof shows to be the actual owner of said property.

The proof failing to do this, it occurs to us to be a clear case of where the allegations and the proof do not correspond. So believing, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.