ELMO REASONER v. THE STATE.

No. 13770.   Delivered December 10, 1930.
Rehearing Denied March 18, 1931.

86

The opinion states the case.

*McGaugh & Darroch,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, burglary; penalty, two years in the penitentary.

Witnesses, Charles Andrews and Wes Richardson, jointly occupied a building in the town of Brownwood, the latter sub-renting from the former and operating in said building a repair shop located in a small space cut off from the remainder of the room by a railing. This room was entered in the night-time and a pistol then in the custody of Wes Richardson for repairs was stolen therefrom. Early the next morning after the burglary at night, appellant was in possession of a pistol on the streets of Brownwood, which was identified as having come from the burglarized premises. Some few days after this the exact time not appearing, appellant made a statement to an officer that he had purchased this pistol.

It is insisted that there is a fatal variance between the allegations of the indictment and the proof offered in that the indictment alleges that the house in question was occupied and controlled by Wes Richardson, while the proof shows that it was owned exclusively and controlled by Charles E. Andrews. We regard the evidence as conclusively showing that the room in question was jointly occupied and controlled by the two. Article 402, C. C. P., provides in part: "Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged in all or either of them."

This article refers not only to a technical joint possession but as well to a case where the parties exercise a joint or common possession of the property. Bailey v. State, 50 Texas Crim. Rep., 398, 97 S. W., 694. See also Duncan v. State, 49 Texas Crim. Rep., 150, 91 S. W., 572; Davis v. State, 63 Texas Crim. Rep., 453, 140 S. W., 349; Russell v. State, 86 Texas Crim. Rep., 580, 218 S. W., 1051.

Nor was there any error in the State proving want of consent in Charles E. Andrews, who was not named in the indictment. Coates v. State, 31 Texas Crim. Rep., 261, 20 S. W., 585; Alsup v. State, 69 Texas Crim. Rep., 117, 153 S. W., 624, 627; Branch's P. C., Sec. 2345.

The exact status of appellant's explanation is involved in some doubt. The court, however, gave the appellant the benefit of a defensive charge upon explanation made by the appellant of his possession of the pistol to the effect that if the jury believed it was reasonable, consistent with his innocence and probably true, to acquit. The real defense was that he had purchased the pistol and same should have been affirmatively charged, but there was no exception to the court's failure to give this charge, nor do we find any special charge correctly presenting such issue. It is stated by Mr. Branch in his Penal Code: "If the trial court is bent on charging on 'recent possession and explanation', the following form is as nearly correct as can be devised under the authorities." This is followed by a form of charge. See Branch's P. C., Sec. 2465. It is further stated in this paragraph: "An explanation is of no consequence to either side unless it involves some defense; hence an affirmative charge on the defense involved in the explanation is all that is required and is the safest and fairest way of submitting the issue to the jury." See McWhorter v. State, 11 Texas App., 585; Mathews v. State, 32 Texas Crim. Rep., 355, 23 S. W., 690.

It is further insisted that the charge given was error because it failed to charge the jury to acquit unless the State had proven the falsity of the explanation given by defendant. This is not a correct proposition of law. No such charge is demanded in this character of cases. Appellant undoubtedly had in mind those cases holding such a charge necessary where the State itself has introduced the confession of defendant containing defensive matter and relies in whole or in most part upon such a confession for a conviction. While the defense of appellant should have been submitted in a different manner, the error, if any there was, is not properly presented here for review. We are not to be understood, however, as holding that such an error if it had been presented properly would operate to reverse the case under the instant facts.

While the testimony is regarded as being meagerly sufficient, we are not prepared to say that the verdict of the jury was without evidence to support it. In this case the State proved that the burglary was committed by someone and that defendant was a few hours thereafter found in possession of stolen property from the burglarized premises and the jury having found appellant guilty and such finding having been approved by the trial court, it is our duty, under the authorities, to sustain the conviction on appeal, there not appearing any facts or circumstances which in our opinion are sufficient to overcome the conclusion of guilt based on the above facts. See Branch's P. C., Sec. 2346; Payne v. State,

21 Texas Ap., 184, 17 S. W., 463; Morgan v. State, 25 Texas App., 513, 8 S. W., 487.

Finding no error in the judgment, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.