J. H. HENSHAW v. THE STATE.

No. 14204. Delivered May 27, 1931.

The opinion states the case.

*Moore & Wilson,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Offense, felony theft; punishment, four years in the penitentiary.

The point was made on the trial and is urged here that there was a variance in the proof of ownership as alleged in the indictment. The indictment was in four counts. The count in the indictment on which the appellant was convicted charged that he:

"Did then and there unlawfully and fraudulently take about twenty-six joints of oil well casing of the value of over Fifty Dollars, from the possession of A. M. Martini, without the consent of the said A. M. Martini, the same being the corporeal personal property of and belonging to the said A. M. Martini, and with the intent then and there on the part of the said J. H. Henshaw to deprive the said A. M. Martini of the value of the same, and to appropriate the said property to the use and benefit of him, the said J. H. Henshaw."

The proof showed that the pipe belonged to the Bell Oil & Gas Company and that one Mark Finston was an officer in said company and also had some personal interest in the Panhandle oil field, and that the said Martini was a representative of Finston and also was a representative of the oil company engaged in the drilling of oil wells, which was also the business of Finston. The evidence showed that Martini was looking after the property of the Bell Oil & Gas Company and Finston. The proof further showed that prior to the alleged theft of the property alleged in the indictment that one R. E. Sweeney was drilling a well in Carson county and that one J. H. Flesher was instructed by his superiors in the Bell Oil & Gas Company to furnish said Sweeney with a quantity of pipe and that he did furnish him with a large quantity of pipe, some of which was 6¼". pipe; that the said Sweeney called for in person and carried away on his trucks the said 6¼" pipe; that he received said pipe from said Flesher in Hutchinson county and carried it to a well that said Sweeney was drilling in Carson county. The proof further showed that

at the time the pipe was taken that it was upon the lease of said R. E. Sweeney and was in his possession and under his care, control and management at the well where the operation was being conducted. Martini testified that Sweeney had the actual possession of the pipe at the time it was stolen; that he, Martini, made occasional visits in and around the well, never staying over ten minutes at any one time. The contention is made that the proof is insufficient to show ownership or possession in Martini, because granting that the said Martini was looking after the property of Finston and also of the oil company, yet he was not in actual possession of the property at the time the same was taken, and that in order for the state to make a case, it was necessary that it be shown that Martini was at the time it was taken in possession of the alleged stolen property. Neither Finston nor Sweeney were present nor testified in said case.

That property may be stolen from a special owner is well established, but it seems to be the well established rule announced by this court that where special ownership is relied upon in order to meet the requirements of law, it must show that the special owner was in the possession of the stolen property. See Frazier v. State, 18 Texas App., 434; Miller v. State, 88 Texas Crim. Rep., 157, 225 S. W., 262; Williams v. State, 101 Texas Crim. Rep., 523, 276 S. W., 282.

In the case of Miller v. State, 88 Texas Crim. Rep., 157, 225 S. W., 262, Judge Morrow, in passing upon the same question involved in this case, used the following language:

"The person having actual charge, control and management should be named in an indictment for theft as the owner. The statute on the subject was so construed in Frazier v. State, 18 Texas App., 442, a case which has been followed in numerous instances, and, so far as we are aware, without departure."

The count of the indictment upon which appellant was convicted charges that the property was in the possession of one Martini. There being no evidence in this case showing that the witness Martini was in actual possession of the property at the time it was alleged to have been stolen, the mere fact that he was field manager for the Bell Oil & Gas Company and had general supervision of their property and the property of Mr. Finston personally would not supply this proof. The proof does show, however, that the property was taken from the possession of one R. E. Sweeney, whom it is shown had the possession, care, control and management of the property at the time of the theft. The proof failing to show possession of the said property in Martini, we must necessarily hold that the allegations and proof do not correspond and for that reason the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.