WEINER WICKLUND AND ROBIN WALFORD v. THE STATE.

No. 14215. Delivered November 18, 1931.
Rehearing Denied January 6, 1932.

The opinion states the case.

*Sam W. Davis* and *Berry & Berry,* all of Houston, for appellant.

*O'Brien Stevens,* Criminal District Attorney, and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary, punishment two years in the penitentiary against each appellant.

A substation of an electric railway in Houston, Texas, was broken and entered on the night of February 22, 1930, and certain wire therein was taken. Possession of this wire was traced to these appellant's, each of whom made written confessions which were introduced in evidence on this trial. The evidence fully supports the conviction. The facts need not be further set out than as is made necessary by a discussion of the bills of exception.

Bill of exception No. 1 relates to the following matter: In their motion for new trial appellants set up that after retirement the jury read from the written confession of Walford an excerpt which was not introduced in evidence when the remainder of the confession was read and introduced. It is further stated that the whole of said confession went to the jury room without the knowledge and consent of appellants or their attorneys, and was there read by the jury with the result of getting before the jury new and materially hurtful facts which had not been properly introduced in evidence. The excerpt from the confession which seems to have been omitted when the confession was read to the jury is as follows: "Before we got the wire there was a box car there close or about 300 feet from the building and we unlatched the door and went in looking for copper wire and we found two or three pieces and we laid it down by the car but did not take it away."

While it appears that the above quoted paragraph was omitted in the original presentation of the state's evidence, it also appears that after appellant Walford took the witness stand in his own behalf he was asked on cross-examination by the state if he did not say in his confession as follows: "Before we got the wire there was a box car close or about 300 feet from the building and we unlatched the door and went in looking for copper wire and we found two or three small pieces and we laid it down by the car but did not take it away."

He answered "That is false". Asked again if he did not make such statement to Mr. Myers (the officer who took his confession), appellant

Walford said that Buck Jones (another officer) was the one who made that statement; that Buck Jones told Mr. Myers what to write down. He also said that the state's attorney had correctly read to him what purported to be his written statement; that he made and signed no other statement but that one.

In the state's rebuttal Mr. Myers was introduced and testified that Jones dictated nothing to him, and that all the things in the written confession were told him by appellant Walford, and that witness put them in same. Mr. Jones was introduced and said that he dictated nothing to Myers, and that appellant himself made the confession and told Myers what to put down; also that after the statements were written down they were read over by the defendants who said they were correct.

We have set this out at some length to show that the statement of appellant Walford, omitted when the confession was first introduced, was read before the jury and fully shown by testimony to have been in said confession when signed by appellant, and that the taking of said confession to the jury room got no new matter before the jury. The fact that appellants on this trial denied making the statement, would but raise an issue for the jury as to its truth.

In addition to this, it was fully demonstrated on the hearing of the motion for new trial that the written confession was in possession of this jury in its retirement, and was brought out to the court room to be used in a theft case against appellant Walford in which he was represented by the same attorney who had defended him in the instant trial, and that after being so used in said theft case, said written confession was openly ordered taken back to the jury room where the jury trying the instant case was confined. No objection to sending same back to the jury room was made by appellants. We are constrained to hold that this matter presents no error.

We see nothing wrong in allowing the witness who took the confession of appellants to say that it was voluntarily made. Without agreeing that such testimony of the witness was objectionable as stating a conclusion, (see authorities cited under section 132, Branch's Annotated P. C.), we note in the court's qualification to the bill of exception under consideration, that later and without objection the same witness said the confession was made by appellant "of his own free will and accord, without persuasion or force." It thus appearing that the same testimony was given by the witness without objection, as that embodied in the bill, the error, if any, would be held of no avail.

Bill of exception No. 3 is very indefinite, but as qualified there is no doubt in our minds of its failure to show error.

No complaint of variance between the allegation and proof was made in the court below, but by supplemental brief here appellants set up that

the proof of ownership did not correspond with the allegation thereof. We do not agree to this contention. Stating it most strongly for appellants, there seems little to support such proposition inasmuch as Steele, the alleged owner of the burglarized building, was not only shown to live in Houston and to have general charge and supervision of the electrical substations of the Houston & North Shore Railway Company in Houston, including the one broken and entered in this case,—but it is further shown that he was personally present at said substation on the afternoon before the night of the burglary and then closed and locked said building. The presence of no other person at said time is suggested by the record.

As in any way controverting our conclusion, we find only the statement of Mr. Steele while a witness, which is as follows:

"I am electrical engineer for the railway company and I have charge of the substations; not all of the electrical equipment is under my control but all of the substations on the Houston & North Shore Railway are. D. L. Colley is the foreman out there. He had charge of that particular substation, working under my supervision. He had been employed by the company about two years.. He has charge of all the stations and I have general supervision of them.

"I had been to that particular station on Friday or Saturday prior to the robbery, prior to the 23rd. I am not sure as to which date but on one of the other of those dates I was there. I left that substation in the afternoon, do not recall the exact time in the afternoon, and I closed it and locked the door when I left."

In another place, Mr. Steele said he controlled this substation. In view of this witness' statement that "He (Colley) has charge of all the stations and I have general supervision of them," and that Mr. Colley worked under the immediate supervision of witness, and in the light of our article 402, C. C. P., we think there is no variance shown.

Analyzing the proposition further, we observe that neither Mr. Steele nor Mr. Colley occupied said building as a residence, nor is either of them shown to have been around said building all the time. Both appear to be men of general ownership, in a legal sense, of substations of the railway company, Mr. Steele as resident electrical engineer had charge and supervision of all substations, and Mr. Colley as general foreman had charge of all said substations, operating under Mr. Steele. The facts, however, showing Mr. Steele to have been the last person to exercise care, management and control of said substation before the burglary, there would seem no doubt of the correctness of the allegation of ownership in him. Bailey v. State, 50 Texas Crim. Rep., 402, 97 S. W., 694. The authorities cited by appellants do not hold contrary to our views. In Henshaw v. State, 118 Texas Crim. Rep., 638, 39 S. W. (2d) 624, the facts were such as that no doubt could be raised of the fact that the ownership of the alleged stolen property was incorrectly stated. So also

of Williams v. State, 101 Texas Crim. Rep., 523, 276 S. W., 282, and Miller v. State, 88 Texas Crim. Rep., 157, 225 S. W., 262. As sustaining our view see Moore v. State, 59 Texas Crim. Rep., 361, 128 S. W., 1115; Lockett v. State, 59 Texas Crim. Rep., 531, 129 S. W., 627; Duncan v. State, 49 Texas Crim. Rep., 150, 91 S. W., 572; Hamilton v. State, 26 Texas App., 215, 9 S. W., 687; Graves v. State (Texas Crim. App.), 42 S. W., 300. It is not necessary that possession of the alleged owner be an exclusive possession. Lewis v. State, 72 Texas Crim. Rep., 377, 162 S. W., 867, opinion by Davidson, J.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The soundness of the conclusion reached on the subject of ownership and variance is challenged. It is to be observed from the statement made in the original opinion (which reflects the record as understood by the writer), that the property was not in the actual possession of either Steele or Colley. It is conceived that the relationship of each of them was such as warranted the naming of either of them as the owner. Citing many precedents, Mr. Branch, in his Ann. Tex. P. C., sec. 2434, says: "Where property is owned—either as general or special owners—in common or jointly by two or more persons, the ownership may be alleged to be in all or either of them.."

The announcement mentioned is in accord with the statute, article 402, C. C. P., 1925. Further on the subject, see Mass v. State (Texas Crim. App.), 81 S. W., 46; Duncan v. State, 49 Texas Crim. Rep., 150, 91 S. W., 572; Bailey v. State, 50 Texas Crim. Rep., 398, 97 S. W., 694, and other cases collated in Vernon's Tex. C. C. P., 1925, vol. 1, p. 279. See, also, Palmer v. State, 92 Texas Crim. Rep., 640, 245 S. W., 238; Reasoner v. State, 117 Texas Crim. Rep., 85, 36 S. W. (2d) 163.

The motion for rehearing is overruled.

*Overruled.*