MRS. DAVID BLACK V. THE STATE.

No. 14689. Delivered January 20, 1932.
Rehearing Denied June 1, 1932.
Reported in 50 S. W. (2d) 299.

The opinion states the case.

*Taylor, Muse & Taylor* and *Earle Kuntz,* all of Wichita Falls, for appellant.

*Sam B. Spence,* District Attorney, and *Geo. W. Anderson,* Asst. District Attorney, both of Wichita Falls, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Under indictment charging the theft of a dress over the value of $50, the appellant was convicted of a misdemeanor theft, and punishment assessed at imprisonment in the county jail for a term of four months.

The particular property appellant is charged with having stolen was one dress. This property was found in the possession of the appellant, and an accomplice also testified in the case to the effect that appellant stole said dress from said store while she was with her.

The appellant testified, denying the theft of said dress, and introduced evidence through her husband and other witnesses to the effect that the husband had purchased the dress in question during this sale as a gift for his wife, paying cash therefor.

By a bill of exception properly presented, the appellant contends that the court committed reversible error in failing to give the defendant's requested instruction for a verdict of not guilty because there was a variance in the proof and in the allegation of the indictment. The first count in the indictment under which the appellant was convicted alleged the ownership and possession of the property to be in one Marvin Smith. It was claimed in appellant's motion in arrest of judgment and in the motion for new trial that the proof did not show that said Marvin Smith was the owner of said property and that, at the time of the alleged theft, possession of said dress was not shown to have been in the said Marvin Smith. The correctness of this contention must necessarily depend on the facts offered in evidence in regard to this phase of the case.

The witness, Marvin Smith, testified that he was the manager for the W. B. McClurkan Co., which operated a department store selling clothing and notions in the city of Wichita Falls, and that a special sale was put on in said store during the month of January, 1931, and that during that time extra help was employed so that he had working under him about fifty people; that he had the custody and control of the store and everything in it, and that no one had his permission or consent to take the dress without paying for it and appropriate it to their own use and benefit. He further testified that the lady who was in charge

of the ladies' ready to wear department in said store came to him and told him that she was short; that she had lost some dresses, and that she described the dresses to him, and he made an investigation regarding same. He testified that the lady he referred to was Miss Richardson; that she was in charge of the ladies' ready to wear department and had charge of that department.

Myrtle Richardson testified that she was employed by the W. B. McClurkan Co. and was in charge of the ladies' ready to wear department; that she had charge of that department during January, 1931; that during the sale put on at that time the dress in question was stolen from her department. She further testified that she worked under Mr. Marvin Smith who was the manager and head man, and that she did not give her consent to anyone to take the dress without paying for it.

The question before us is whether or not the proof adduced upon the trial as to whether said Marvin Smith, alleged to have been in possession of the property stolen, had the actual control, care, and management of the property at the time it was stolen. We do not believe that the facts constitute a variance between the allegations in the indictment and the evidence in regard to the ownership. The evidence shows that the said Smith was in charge of the entire department store as general manager, and, while there were minor departments in charge of subordinate clerks, the said Smith is shown to have had control and management of the entire business, including the heads of the departments, who were under him and subject to his orders. The holding in the case of King v. State (Texas Crim. App.), 100 S. W., 387, which opinion was written by Judge Davidson, supports this holding.

The appellant, by bills of exception, complains of the refusal of the court to instruct the jury to disregard certain arguments of the district attorney. In regard to said bills of exception, the trial court qualified same to show the argument of the district attorney complained of. As qualified, no reversible error is shown.

No reversible error appearing, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In the motion for rehearing the appellant contends that the announcement in the original opinion is in conflict with that in the case of Miller v. State, 88 Texas Crim. Rep., 157, 225 S. W., 262. A synopsis of the Miller decision is as follows: Miller was charged with the theft of a number of joints of casing. In the indictment H. B. Lamb was named as the owner. Lamb was the

superintendent of production for the Magnolia Petroleum Company, which company owned ·the property which was stolen. The property was on the farm where the Fowler Farm Oil Company was drilling an oil well, which also belonged to the Magnolia Petroleum Company. Lamb lived at the town of Burkburnett. The drilling operation for the Fowler Farm Oil Company was not at Burkburnett, but was some distance in the country on a farm, where Mr. Enloe was the "boss" or foreman and had possession of the property. Lamb had no personal connection with the particular oil lease or the property stolen. Enloe was also an employee of the Magnolia Petroleum Company. The stolen casing was second-hand, and was upon the ground in connection with the boring of the oil well. The decision in the Miller case that under the circumstances Enloe should have been named as the owner is in accord with what this court understands ·to be the law of this state as interpreted in the opinion of Presiding Judge White in Frazier's case, 18 Texas App., 434 (see page 442). It may be stated that, if there had been no one in actual possession of the casing which was alleged to have been stolen by Miller, it is conceived that the facts would have justified a conviction upon the averment that Lamb was the owner of the ·property. The facts, however, demonstrate that Lamb was not in possession of the property but that Enloe was in possession of it. The propriety of naming Enloe as the owner is not regarded as open to question. See Frazier v. State, supra; also Branch's Ann. Tex. P. C., sec. 2447, in which the following is stated: "If the employe, servant, or person in charge of the property at the time of the taking had more than the mere custody thereof and had the actual control, care and management of the property at that time not under the immediate supervision of the general owner, possession must be alleged in such employe, servant or person having such possession."

If there be doubt as to the soundness of the opinion in the Miller case, it grows out of the holding that the facts did not justify the conclusion that the ownership might have been alleged in either Lamb or in Enloe under the authority of article 402, C. C. P., 1925. See, also, Branch's Ann. Tex. P. C., sec. 2434. It is thought, however, that under all the circumstances, the Miller case was properly decided. See Henshaw v. State, 118 Texas Crim. Rep., 638, 39 S. W. (2d) 624; Lockett v. State, 59 Texas Crim. Rep., 531, 129 S. W., 627.

In our opinion, the facts in the present appeal bring it definitely within the purview of the statute mentioned, authorizing the averment of ownership to be alleged in either Smith or Myrtle Richardson. See Bailey v. State, 50 Texas Crim. Rep., 398, 97 S. W., 694; Duncan v. State, 49 Texas Crim. Rep., 150, 91 S. W., 572; Coates v. State, 31 Texas Crim. Rep., 257, 20 S. W., 585. See Branch's Ann. Tex. P. C., sec. 2434, subds. 5 and 6 and cases cited. The testimony upon which this conclusion is based, as found in the record, is as follows: Mrs.

Myrtle Richardson testified that she was an employee of the W. B. Mc-Clurkan & Company store and had charge of the ladies' ready-to-wear. From her testimony we quote: "I have charge of the ladies' department, myself personally, but I have other helpers. * * * No one had my consent to take that dress out of the store. * * * I work under Mr. Marvin Smith, who is the manager and head man. * * * I had charge of the department myself; I buy everything (that) is bought; I am in charge of it. Mr. Smith is my superior officer. It is his store. I am the one that the ladies in the department work under. I have complete charge and control of that department, buying and selling."

The testimony of Marvin Smith is in substance as follows: He was connected with the W. B. McClurkan Company Department Store as manager. He lived at Wichita Falls, where the store was situated. There was a sale advertised and extra help was employed. He was in charge of the store during that particular period. He had custody and control of the store and everything in it. Referring to one of the dresses that had been taken from the store, he said: "No one had my consent to take that dress."

Both Smith and Myrtle Richardson were possessors of the property within the meaning of the statute. It is thought that under the existing circumstances, the law would sanction the allegation of ownership in either or both of them. The following precedents are deemed in point: Reasoner v. State, 117 Texas Crim. Rep., 85, 36 S. W. (2d) 163; Wicklund et al. v. State, 119 Texas Crim. Rep., 96, 44 S. W. (2d) 696.

The motion for rehearing is overruled.

*Overruled.*