## JAMES E. BUFFINGTON V. THE STATE.

No. 21910. Delivered February 11, 1942.
Rehearing Denied March 25, 1942.

The opinion states the case.

*Jim H. Letts, Russel A. Bonham,* and *Mary Nan Bonham,* all of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a two-year sentence in the penitentiary for the theft of an automobile alleged in the indictment to belong to M. S. Kauffman.

The charge of the court correctly presents to the jury the issues involved in the case and they have found on the court's instruction that appellant was guilty. It will not be necessary to state all of the facts of the case in order to determine the question of law presented.

It is contended that while the allegation in the indictment places the ownership of the car in Kauffman, proof shows that it belonged to the Standard Oil Field Supply Company for which he worked; that he was only a bookkeeper and had the use of the car, along with others, and that he was not at the time it was taken in charge and control of the car. On this subject reliance is had solely on the testimony of Mr. Kauffman, from which we glean the following:

"On that date I had the care, custody, control and management of an automobile * * * * * which was taken from in front of the office."

On cross-examination he further stated on the subject:

"It belongs to the Standard Oil Field Supply Company. Mr. Schwartz, our yard superintendent, is the one who drove it up to 1801 Lyons Avenue that afternoon between three and five. We all use the car. He drove it up there. I did not drive it up there on that occasion. * * * * I drive it in the morning and usually take it home in the evening. I take Mr. Rouse home and then use it myself at night. I use it when I go home in the evening and I drive it down in the morning * * * *. I am

in charge of the car. Mr. Rouse looks to me to take care of the car which I do. I did not drive it up there the last time it was driven up to the office. I would not say if it was taken from my possession or not. Mr. Schwartz was the last man to use the car and he drove it up there. I would not say everybody uses that car, but Mr. Rouse does, Mr. Schwartz does and I use it. On this particular day when the car was taken it was not taken from my possession; it was at the office. It was taken from the office. * * * * When we went to go home we missed the car then."

On further re-direct examination the witness said:

"The car was left there for me. It was in my custody at the time it was taken. I did not have my hands on it, but it was under my control."

The witness further said that the car was at all times more in his custody than anyone else because the manager looked to him to take care of it; that when anyone else wanted to use the car they would report to him that they were going to use it.

By a long line of decisions it has been held that when stolen property is alleged to be in the possession of a special owner the evidence must show such person in possession. (Henshaw v. State, 39 S. W. (2d) 624, and authorities there cited.)

Appellant relies chiefly on the pronouncement in Williams v. State, 276 S. W. 282, which, it is contended, is a parallel case. In that case the property stolen was alleged to belong to H. J. Harris, while the evidence, without contradiction, shows that it belonged to the Harris Motor Company. H. J. Harris was the manager. He said the tubes and casing in question were taken from the Harris Motor Company; that they were taken from the service part of the business. The State's evidence further shows that the witness Gladden had charge of the service department from which the property was taken. H. J. Harris made no claim to having custody, control and possession of the property at any time for any purpose and it was said that the mere fact he was manager for the Harris Motor Company was not sufficient to warrant the court in concluding that he was in possession of the property which belonged to the company.

The distinguishment between the two cases is perfectly apparent. Kauffman was not the manager, he was bookkeeper, and the manager had intrusted to him the care, custody and control

of the automobile in question, and it appears that it was a custom, probably an arrangement, that others should use the car for the business of the company, but in doing so they uniformly reported to Kauffman. Another party had been in possession of the car and had returned it to the office of the company; had parked it there and left it for Kauffman, which appears to be the usual and customary way of doing it. The jury was warranted in concluding that the property was in the possession of the party alleged in the indictment.

The second question for our consideration relates to the admissibility of a written confession. We find no bill of exception properly presenting the issues which have been presented in the well prepared brief and cautious argument on this subject, and conclude that the question was not properly raised in the appeal. Furthermore, counsel presented no authorities to sustain the position taken and we know of none.

The third question for consideration which has been so thoroughly presented, likewise, is not properly before us. It complains of the admissibility of testimony, but we find no bill of exception presenting the matter.

Finding no error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Again, appellant insists that it is not shown herein that Mr. Kauffman was the owner of the stolen automobile, and that he had the care, custody and control and possession of such automobile at the time same was taken. Of course he was not in actual manual possession of same at the time same was taken from in front of the office where he was employed, but we think his possession was such as was contemplated by law, that would make him the proper person to be alleged as the owner thereof in the pleadings of the State.

We adhere to the views expressed in the original opinion.

The motion is therefore overruled.