19167

The STATE, Respondent, v. Herbert Lee FUNCHESS, Appellant

(179 S. E. (2d) 25)

*Messrs. Lincoln C. Jenkins, Jr., Matthew J. Perry, Richard M. Kennedy, Jr., Robert G. Price* and *Mrs. Betty McBride Sloan,* all of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joel E. Gottlieb, Asst. Atty. Gen.,* of Columbia, and *Julian S. Wolfe, Esq., Solicitor,* of Orangeburg, *for Respondent,*

February 8, 1971.

Moss, Chief Justice:

Herbert Lee Funchess, the appellant herein, was brought to trial at the 1969 Term of the Court of General Sessions for Calhoun County, before The Honorable Wade S. Weatherford, Jr., presiding judge, and a jury, upon an indictment charging him with the murder of A. Callie Geiger. The jury found the appellant guilty of murder with a recommendation to mercy, and he was sentenced to life imprisonment. The appellant prosecutes this appeal from his conviction and sentence.

A. Callie Geiger operated a small grocery store in the western section of Calhoun County. On June 1, 1968, at about 10:00 o'clock P.M. he was found wounded and lying behind a counter in his store. Relatives and police were summoned to the scene. Thereafter, he was removed to the Orangeburg Regional Hospital and was pronounced dead. An autopsy revealed that he had received two bullet wounds, one in the chest and one in the head, either of which could have, in the opinion of the physician, caused his death.

At the time that Callie Geiger was shot he was alone in his store. The officers immediately commenced an investigation into Geiger's death by interrogating persons residing in the community. The officers learned that the appellant and two other men had been in the general vicinity of the Geiger store several hours prior to his death. It appears from the record that, on June 14, 1968, the investigating officers received information from one Paul McMichael, a prisoner on the chain gang, which prompted them to search for the appellant and two other men. The appellant was later found on a street in the town of North, South Carolina, by Sheriff Elliott Rucker and Deputy Sheriff W. B. Connelly, at about 10:00 o'clock P.M. on June 14, 1968. These officers, upon finding the appellant, stopped their car and the appellant came over to them. The sheriff told the appellant that he wanted to talk to him and asked him to accompany them to the police station. The appellant then got into the back seat of the car and rode to the police station. Upon arrival at the police station, these two officers and the appellant went into the conference room and were there joined by two other officers who were introduced to the appellant. Upon being questioned the appellant confessed that he shot Callie Geiger on the night of June 1, 1968, during the course of an attempted robbery.

During the course of the trial, the State proposed to offer in evidence the confession made by the appellant, and upon objection thereto by him, the trial judge excused the jury and, in its absence, heard the evidence, both that of the

State and that of the appellant, upon the question of the voluntariness and admissibility of the confession, which is the correct procedure as set forth in the cases of *State v. Sanders,* 227 S. C. 287, 87 S. E. (2d) 826, and *State v. Gamble,* 247 S. C. 214, 146 S. E. (2d) 709. In the absence of the jury, the sheriff testified in detail as to the warnings he gave the appellant. The warnings so given were in conformity with *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694, 10 A. L. R. (3d) 974. The sheriff also testified that he inquired of the appellant if he understood his rights under the warnings given, to which the appellant gave an affirmative answer and stated, "I'll tell you what I know." The sheriff further testified that the appellant was not threatened, abused, coerced or intimidated in any way and that, in his opinion, the appellant knowingly and intelligently waived his rights under the warnings given and freely and voluntarily made the aforesaid confession. The testimony of the sheriff was corroborated by the three other officers who were present. The appellant, testifying in his own behalf, admitted that he was not in any way mistreated by the officers but denied that he was given the Miranda warnings.

It is the contention of the appellant that he was unlawfully arrested without a warrant and taken to the police station. The State admits that no warrant had been issued for the arrest of the appellant but contends that he voluntarily accompanied the officers to the police station and could have left at any time if he so desired.

At the close of the aforesaid hearing, the appellant objected to the admission of his alleged confession on the grounds: (1) the State had failed to accord him all the adequate safeguards to secure his privilege against self-incrimination as required by the Miranda decision, and (2) the alleged confession was given at a time when he was being illegally detained, for the reason that no warrant had been issued for his arrest.

The conflicting testimony raised an issue of fact as to whether the Miranda warnings were given the appellant. The trial judge found that such warnings were given and that the appellant knowingly and intelligently waived the privilege against self-incrimination which the required warnings were designed to protect. He further held that the confession made by the appellant was freely and voluntarily given and was admissible in evidence. Thereafter, in the presence of the jury, over the objection of the appellant, the officers testified that they had advised the appellant of his rights under the Miranda decision, which he apparently understood, and following this he made a voluntary confession. The trial judge then permitted the officers to relate the oral confession made by the appellant.

The appellant contends that the trial judge was in error in holding that he had been given all the adequate safeguards to secure his privilege against self-incrimination, as required by the Miranda decision. It is our conclusion that the trial judge properly found that there was evidence showing adequate safeguards for the protection of the appellant's constitutional rights, and therefore, correctly admitted the confession made by the appellant. Thereafter, the trial judge charged the jury that the State had to show that the confession was freely and voluntarily made after the defendant was apprised of his constitutional rights as outlined in the Miranda decision. The procedure followed by the trial judge was in accord with *Jackson v. Denno*, 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. (2d) 908, 1 A. L. R. (3d) 1205. The first question is therefore answered contrary to the contention of the appellant.

The appellant argues that his confession was given at a time when he was under illegal arrest, and a confession so obtained was inadmissible in evidence. The appellant relies on the case of *Wong Sun v. United States*, 371 U. S. 471, 83 S. Ct. 407, 9 L. Ed. (2d) 441. The question for decision is whether the trial judge was in error in admitting the confession of the appellant over his objection for the reason

stated. In considering the appellant's contention, we assume, but do not decide, that he was illegally detained by the police when he gave his confession.

The Wong Sun decision has been interpreted by various appellate courts so as to produce a definite split of authority. One line of cases hold that any confession made subsequent to illegal arrest, regardless of its voluntariness, must be excluded. *State v. Mercurio,* 96 R. I. 464, 194 A. (2d) 574; *Gatlin v. United States,* 117 U. S. App. D. C. 123, 326 F. (2d) 666; *State v. Thompson,* 1 Ohio App. (2d) 533, 206 N. E. (2d) 5; *State v. Dufour,* 99 R. I. 120, 206 A. (2d) 82.

Many other appellate courts intrepret Wong Sun as not requiring the exclusion of a confession made following an illegal arrest, retaining the test of voluntariness as controlling in determining the admissibility of a confession which has been preceded by an illegal arrest. *Prescoe v. State,* 231 Md. 486, 191 A. (2d) 226; *People v. Freeland,* 218 Cal. App. (2d) 199, 32 Cal. Rptr. 132; *Burke v. United States,* 1 Cir., 328 F. (2d) 399; *United States v. Close,* 4 Cir., 349 F. (2d) 841, and *State v. Moore,* 275 N. C. 141, 166 S. E. (2d) 53, and the many cases therein cited.

In *United States v. Close, supra* (Fourth Circuit), the court, by way of dictum, stated:

"Assuming, *arguendo,* that the initial arrest by the Roanoke police was illegal, we construe Wong Sun as holding, in effect, that not all oral statements are the fruit of the 'poisonous tree' simply because they would not have been made but for the illegal actions of the police. We think the Court in Wong Sun clearly indicates the view that a statement which is shown to have been freely and voluntarily made without coercion, either physical or psychological, may be thereby purged of any stigma of illegality and the statement is admissible."

We have held that a confession made while the accused is in the custody of an officer before any warrant for his arrest has been issued does not render it inadmissible. *State v. Brown,* 212 S. C. 237, 47 S. E. (2d)

521. However, the conduct of the officers obtaining the confession will be rigidly scrutinized and the fact that it is made while the accused is under arrest is a circumstance to be taken into consideration in determining whether the confession was freely and voluntarily given. *State v. Cain,* 246 S. C. 536, 144 S. E. (2d) 905.

We conclude and hold that every statement or confession made by a person in custody as the result of an illegal arrest, is not involuntary and inadmissible, but the facts and circumstances surrounding such arrest and the in-custody statement should be considered in determining whether the statement is voluntary and admissible. Voluntariness remains as the test of admissibility. Under our interpretation of the Wong Sun decision, the contention of the appellant that his confession was inadmissible is without merit.

The appellant charges that the trial judge erred in admitting in evidence, over objection, a pistol which was allegedly used by him to take the life of Callie Geiger. The appellant, in his confession, which we have held to be admissible, admitted shooting the deceased with a pistol. The State, through the testimony of a ballistic's expert, established that this pistol was the death weapon. In view of the confession made by the appellant and the testimony of the ballistic's expert, there was no error in receiving the pistol as evidence.

Finally, the appellant charges that the trial judge erred in refusing to direct a verdict of not guilty. Test of the sufficiency of the evidence to take a criminal case to the jury is whether there is any substantial evidence, direct or circumstantial, which reasonably tends to prove the guilt of the accused or from which his guilt may be fairly and logically deduced. The evidence here meets this test.

The exceptions of the appellant are overruled and the judgment below, is, affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.