### 19226

The STATE, Respondent, v. James BISHOP, Appellant
(181 S. E. (2d) 477)

*Vinton D. Lide, Esq.,* of Hartsville, *for the Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Timothy G. Quinn, Asst. Atty. Gen.,* of Columbia, and *Marion H. Kinon, Esq., Solicitor, J. DuPre Miller, Asst. Sol.,* of Bennettsville, *for Respondent,*

May 27, 1971.

BRAILSFORD, Justice.

The defendant appeals from his conviction of larceny of an automobile. The sole question presented is whether the court erred in admitting in evidence the defendant's oral confession, which was made while he was in custody, without the defendant's having been taken before the clerk of the court, or other designated officer, for the purpose of securing his right to counsel, as required by Rule 1 of the rules adopted by this court pursuant to the Defense of Indigents Act, although it would have been practicable to have sooner taken him before such officer.

The Rule relied upon was intended to insure timely appointment of counsel for indigents charged with crime—not to impose a condition upon the right of police officers to interrogate a willing suspect merely because he is in custody and has not been charged nor taken before a designated officer. The product of such interrogation is admissible in evidence, provided the confession or admission was freely and voluntarily made, and the procedural safeguards against involuntary or unwitting self-incrimination required by *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694 (1966), were observed. As in the case of an accused interrogated while in custody following an illegal arrest, the test of the admissibility of an indigent's confession, between his arrest and his being taken before an officer designated under the Rule, is its voluntariness. The following excerpt from the opinion in recently

decided *State v. Funchess,* 179 S. E. (2d) 25 (S. C. 1971), is applicable: "We conclude and hold that every statement or confession made by a person in custody as the result of an illegal arrest, is not involuntary and inadmissible, but the facts and circumstances surrounding such arrest and the in-custody statement should be considered in determining whether the statement is voluntary and admissible. Voluntariness remains as the test of admissibility." 179 S. E. (2d) at 28. Cf. *State v. Moore,* 275 N. C. 141, 166 S. E. (2d) 53 (1969). Since this appeal does not challenge the voluntariness of the defendant's confession, we do not reach the question of whether it should have been excluded on this ground.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY, and LITTLEJOHN, JJ., concur.