## LANIER *v.* SOUTH CAROLINA

No. 85–5260.   Decided November 4, 1985

PER CURIAM.

The motion for leave to proceed *in forma pauperis* is granted.   The petition for a writ of certiorari is granted.

Petitioner was convicted of armed robbery.   He contends that his confession should have been suppressed because it was the product of an illegal arrest.   The South Carolina Court of Appeals affirmed the trial court's rejection of his motion to suppress the confession:

> "Assuming, without deciding, that Lanier's arrest was illegal, we nevertheless hold his confession was admissible.   A confession made while the accused is in custody before any warrant for his arrest has been issued is not per se inadmissible.   *State* v. *Funchess*, 255 S. C. 385, 179 S. E. 2d 25, *cert. denied,* 404 U. S. 915, 92 S. Ct. 236, 30 L. Ed. 2d 189 (1971).   Voluntariness remains as the test of admissibility.   *Id.*   Even if the arrest was

illegal, the confession will be admissible if it is freely and voluntarily given. *State* v. *Plath,* 277 S. C. 126, 284 S. E. 2d 221 (1981). Since Lanier does not claim his confession was not voluntary, his argument that the confession was inadmissible is without merit." App. to Pet. for Cert. A–2.

The South Carolina Supreme Court declined further review.

Under well-established precedent, "the fact that [a] confession may be 'voluntary' for purposes of the Fifth Amendment, in the sense that *Miranda* warnings were given and understood, is not by itself sufficient to purge the taint of the illegal arrest. In this situation, a finding of 'voluntariness' for purposes of the Fifth Amendment is merely a threshold requirement for Fourth Amendment analysis." *Taylor* v. *Alabama,* 457 U. S. 687, 690 (1982). See also *Dunaway* v. *New York,* 442 U. S. 200, 217–218 (1979); *Brown* v. *Illinois,* 422 U. S. 590, 602 (1975). . The reasoning of the South Carolina Court of Appeals is inconsistent with those cases. We therefore vacate the judgment and remand the case to that court for further proceedings.

*It is so ordered.*

JUSTICE O'CONNOR, with whom JUSTICE REHNQUIST joins, concurring in the judgment.

I concur in the judgment of the Court vacating the judgment and remanding this case to the South Carolina Court of Appeals. For the reasons stated in my opinion in *Taylor* v. *Alabama,* 457 U. S. 687, 694 (1982) (O'CONNOR, J., dissenting), I believe the court on remand can consider the timing, frequency, and likely effect of whatever *Miranda* warnings were given to petitioner as factors relevant to the question whether, if petitioner was illegally arrested, his subsequent confession was tainted by the illegal arrest.

JUSTICE MARSHALL dissents from this summary disposition, which has been ordered without affording the parties prior notice or an opportunity to file briefs on the merits.

See *Maggio* v. *Fulford*, 462 U. S. 111, 120–121 (1983) (MARSHALL, J., dissenting); *Wyrick* v. *Fields*, 459 U. S. 42, 51–52 (1982) (MARSHALL, J., dissenting).