**Tommy Glenn IRBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–01168–CR.**

Court of Appeals of Texas, Dallas.

May 1, 1986.

Kerry P. Fitzgerald, Dallas, for appellant.

R. Kent Phillips, R. Clement Dunn, John W. Tunnell, Asst. Crim. Dist. Attys., Longview, for appellee.

Before STEPHENS, VANCE and HOWELL, JJ.

HOWELL, Justice.

Appellant was convicted in a jury trial of murder and sentenced to seventy-five years imprisonment. He appeals, bringing forward four grounds of error. Finding no reversible error, we affirm.

Appellant's first two grounds of error concern an excluded passage in a written statement given by appellant. Appellant alleges that the particular sentence was not admitted into evidence, but that it was nevertheless sent into the jury room, apparently by oversight.

The record shows that appellant moved to admit his statement, excluding some parts that were in brackets. The court admitted it into evidence and appellant's attorney read the unbracketed portions. Later, the State offered the previously omitted parts of the statement. An unreported bench conference followed. After the conference, the court stated "All right. Subject to our prior discussions, the exhibits will be admitted." The State read some of the previously bracketed portions of the statement but did not record the sentence in question, apparently conceding that the court had excluded the portion now under challenge.

At the hearing on the motion for new trial, the court reporter testified that he understood that the statement contained both admitted and unadmitted portions. When the jury asked for the statement, the court reporter consulted both counsel. They indicated the portions not admitted, and the reporter undertook to cover the unadmitted parts and prepare a reproduction copy for the jury's use. Apparently, he neglected to cover the passage now in question, and it appeared on the copy that was sent to the jury room. However, before sending it in, the reproduction was exhibited to appellant's counsel who made no objection.

■ We hold that appellant's counsel waived the error by permitting the statement to go into the jury room without objection after it had been presented to him for inspection. This case is similar to *Wicklund v. State*, 119 Tex.Crim.R. 96, 44 S.W.2d 696 (1931), where the jury also read unadmitted parts of a confession. Apparently the jury had the statement when it retired. It was brought out of the jury room for use in another trial, then ordered taken back to the jury. The appellant's attorney made no objection, and the court held that this failure waived the error. 44 S.W.2d at 697. We will be guided by *Wicklund* and overrule the first and second grounds of error.

Appellant's third ground of error complains of the admission of his confession because the statement was obtained as a result of an illegal arrest and confinement. Appellant asserts that the statement is the "fruit of the poisonous tree." The State concedes that the warrant under which appellant was incarcerated failed to establish probable cause, but argues that subsequent events purged the taint. We agree.

A confession obtained while a defendant is in custody pursuant to an illegal arrest should be excluded "unless intervening events break the causal connection between the illegal arrest and the confession so that the confession is 'sufficiently an act of free will to purge the primary taint.'" *Taylor v. Alabama*, 457 U.S. 687, 690, 102 S.Ct. 2664, 2666, 73 L.Ed.2d 314 (1982). Neither the giving of Miranda warnings, nor the voluntariness of the confession in and of themselves render it admissible. Rather, these factors are merely threshold requirements for admissibility. *Lanier v. South Carolina*, —— U.S. ——, 106 S.Ct. 297, 88 L.Ed.2d 23 (1985); *Brown v. Illinois*, 422 U.S. 590, 602, 95 S.Ct. 2254, 2261, 45 L.Ed.2d 416 (1975). The Supreme Court in *Brown* directed that, in reviewing confessions obtained after an illegal arrest, the court is to consider, in addition to the question of whether the defendant was apprised of his rights, the length of time between the arrest and the confession, the flagrancy of the illegal police conduct, and intervening circumstances between the arrest and confession. 422 U.S. at 603, 95 S.Ct. at 2261. *See Townsley v. State*, 652 S.W.2d 791, 797 (Tex.Crim.App.1983). We will consider each of the factors in turn.

The record reveals that appellant was given a Miranda warning on several occasions during the eighteen days between the arrest and the confession. Immediately before giving his confession, appellant signed a waiver of rights form. The statement itself begins with the interrogating officer advising appellant of his rights and confirming that appellant understands them. In short, it is evident that appellant fully knew his rights.

The length of time between arrest and confession also may serve as a factor in attenuating the taint of the illegal arrest. In this case, eighteen days elapsed between the two events. This length of time provided ample opportunity for appellant to exercise his free will.

The illegal arrest was not flagrant. The police had obtained a statement from a purported accomplice of appellant implicating appellant in two armed robberies. Thus, the police had probable cause for an arrest, although they had not presented the evidence to a magistrate. Although not to be condoned, the unlawful arrest, was not "calculated to cause surprise, fright, and confusion." *Brown*, 422 U.S. at 605, 95 S.Ct. at 2262. The manner of arrest did not overawe appellant or deprive him of free will. We further observe that appellant was unlawfully incarcerated for an offense unrelated to the offense to which appellant confessed. The arrest and confession were products of simultaneous but separate investigations by two different law enforcement agencies. Where no close causal connection exists between the arrest and the confession, the goals of exclusion—the deterrence of police misconduct and the preservation of judicial integrity—are not met. *Dunaway v. New York*, 442 U.S. 200, 218, 99 S.Ct. 2248, 2259, 60 L.Ed.2d 824 (1979).

The final factor we must examine in determining whether the taint of the illegal arrest was purged is the presence of intervening factors. During appellant's incarceration, his attorney visited him twice. As previously noted, he was aware of his right to have an attorney present during the questioning about the murder. The interrogators were willing to call appellant's attorney when requested. When asked to make a written statement, appellant asked for time to "sleep on it," and was granted this time. The following morning, appellant himself requested the interview with the detectives. In short, the totality of the circumstances clearly show that appellant had ample opportunity to exercise his free will. The illegal arrest does not taint the confession.

Appellant's final point of error complains of the trial court's refusal to charge on the voluntariness of his confession. Such a charge is required only where the evidence raises a question on the voluntariness of the confession. *Wagner v. State*, 687 S.W.2d 303, 307 (Tex.Crim.App.1984); *Green v. State*, 682 S.W.2d 271, 296 (Tex. Crim.App.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985). In the case before us the evidence suggests that appellant was ill at or about the time the confession was given, but it does not suggest that the illness disabled appellant from making a free and knowing decision to confess. There is no indication that jail personnel denied him medical treatment in order to induce the confession.[1] The record also contains statements that appellant confessed to spare his pregnant girlfriend from testifying. Although this may shed some light on the *motivation* for the confession, it in no way vitiates the *voluntariness* of the instrument. Regardless of why it was given, the confession was appellant's own volitional act.

The judgment is affirmed.

---

1. The evidence showed that appellant complained of medical problems and that he was provided a doctor after the confession. The record discloses no connection between the confession and the treatment. We are unwilling to hold that the mere temporal relation of the two events raises an inference of coercion.